JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Timothy Richards, appeals his conviction and sentence issued in the Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} Timothy Richards ("Appellant") was indicted on one count of felonious assault, pursuant to R.C. 2903.11. Appellant elected to proceed pro se, and a jury trial commenced on August 2, 2000. The jury returned a guilty verdict on August 8, 2000. Appellant appealed that conviction, and this court reversed and remanded the case to the trial court for further proceedings on September 20, 2001.
 {¶ 3} A new trial was commenced on April 24, 2002. Appellant submitted a duly executed waiver of counsel and once again proceeded pro se, with standby counsel from the Office of the Public Defender present at all hearings. The jury again returned a guilty verdict; the court sentenced the appellant to six years and ordered that this sentence be served concurrently with appellant's sentence for parole violation.
 {¶ 4} The appellant was assigned counsel to represent him on appeal. Counsel for appellant filed a brief (hereinafter, "Appellant's Brief") in accordance with the Rules of Appellate Procedure and presented the following two assignments of error:
 {¶ 5} "I. The Prosecutor's Improper Comments During Closing Argument Deprived The Appellant A Fair Trial."
 {¶ 6} "II. The Conviction Of Felonious Assault Was Against The Manifest Weight Of The Evidence."
 {¶ 7} Appellant subsequently filed a "Supplemental Brief and Assignment of Error" (hereinafter, "Pro Se Brief"). Those assignments of error appear as follows:
 {¶ 8} "I. The Trial Court Erred By Denying Appellant's Motion To Dismiss For Want Of Speedy Trial Pursutant (sic) To R.C. 2945.71 Et. Seq. (sic) Absent A Valid Parole Holder, Continuance And Valid Speedy Trial Waiver."
 {¶ 9} "II. The Trial Court Erred And Prejudice (sic) The Appellant In Denying The Appellant's Motion For Judgement Of Acquittal Pursutant (sic) To Criminal Rule 29 As A Matter Of Law."
 {¶ 10} "III. Appellant Was Denied His Constitutional Right To Due Peocess (sic) And A Fair Trial Guaranteed By The Fifth, Sixth AndFourteenth Amendment (sic) Of The United States Constitution, When Counsel For The State Of Ohio Engaged In Prosecutorial Misconduct In Closing Arguments Which Thwarted The Appellant From Having A Fair Trial."
 PROSECUTORIAL MISCONDUCT {¶ 11} In both of his briefs, appellant alleges that the prosecutor's statements during his closing argument amounted to misconduct such that appellant was denied a fair trial. Appellant focuses on several statements in the prosecution's closing argument, particularly: (1) statements made regarding the line of appellant's questioning during witness testimony; (2) referring to the appellant as "sadistic;" and, (3) making the statement that he "believed" the appellant committed the crime.[1]
 {¶ 12} The prosecution is normally entitled to a certain degree of latitude in its concluding remarks. State v. Woodards (1966),6 Ohio St.2d 14, 26, certiorari denied (1966), 385 U.S. 930,87 S.Ct. 289; State v. Liberatore (1982), 69 Ohio St.2d 583, 589. A prosecutor is at liberty to prosecute with earnestness and vigor, striking hard blows, but may not strike foul ones. Berger v. United States (1935), 295 U.S. 78,88, 55 S.Ct. 629, 633. The prosecutor is a servant of the law whose interest in a prosecution is not merely to emerge victorious, but to see that justice shall be done. It is a prosecutor's duty in closing arguments to avoid efforts to obtain a conviction by going beyond the evidence which is before the jury. United States v. Dorr (C.A. 5, 1981),636 F.2d 117.
 {¶ 13} Generally, conduct of a prosecuting attorney at trial shall not be grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Apanovich (1987), 33 Ohio St.3d 19; State v. Papp
(1978), 64 Ohio App.2d 203. An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudice appellant. State v.Smith (1984), 14 Ohio St.3d 13. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether, absent the improper questions or remarks, the jury still would have found the appellant guilty. State v. Maurer (1984), 15 Ohio St.3d 239, 266;State v. Dixon (Mar. 13, 1997), Cuyahoga App. No. 68338. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is "the fairness of the trial, not the culpability of the prosecutor." Smithv. Phillips (1982) 455 U.S. 209 at 219.
 {¶ 14} It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Thayer (1931), 124 Ohio St. 1; DR 7-106(C)(4) of the Code of Professional Responsibility (the "Code"). The Code further provides that an attorney is not to allude to matters which will not be supported by admissible evidence, DR 7-106(C)(1). Moreover, the prosecution must avoid insinuations and assertions which are calculated to mislead the jury. Berger, supra, 295 U.S. at 88, 55 S.Ct. at 633. However, even if a prosecutor's statements are improper, reversal for prosecutorial misconduct is warranted only if it "permeates the entire atmosphere of the trial." State v. Tumbleson (1995) 105 Ohio App.3d 693
at 699, citing United States v. Carner (C.A. 6, 992) 955 F.2d 441, 456, certiorari denied (1992), 505 U.S. 1227. The closing argument must be reviewed in its entirety to determine if the prosecutor's remarks were prejudicial. State v. Moritz (1980), 63 Ohio St.2d 150, 157,407 N.E.2d 1268, 1273.
 {¶ 15} After reviewing the prosecutor's closing argument in its entirety, we find that the defendant received a fair trial in the instant matter, a reasonable jury could have found defendant guilty absent the prosecutor's closing argument, and no prosecutorial misconduct occurred.
 {¶ 16} Appellant alleges, first, that the prosecutor improperly directed the jury's attention to the "nature of the questions" asked by the appellant during his pro se examination of witnesses. Upon our review of the transcript, appellant was afforded wide latitude by the trial court in his questioning of witnesses and often began testifying during his questioning of them; thus, the fact that the prosecutor referred to the way in which the appellant addressed witnesses was not improper in this case. It was through the appellant's cross-examination that his theory of defense became evident, and the prosecutor is well within his rights to comment on it during his closing argument.
 {¶ 17} The appellant's argument that the prosecutor's use of evidence as to the appellant's demeanor at the crime scene was somehow improper is similarly misplaced. There was testimony from the victim that the appellant approached him in a "slow, methodical" manner, after stabbing him once and chasing him from the house. The prosecutor highlighted that testimony in his argument and asked the jury to make a certain conclusion from it. We are not prepared to hold that prosecutors must present arguments devoid of descriptive language of any sort. Indeed, the Ohio Supreme Court has noted that, while a prosecutor may not make excessively emotional arguments tending to inflame the jury's sensibilities, the prosecutor is entitled to some latitude in making a closing argument to the jury. State v. Tibbetts (2001), 92 Ohio St.3d 146,168. Realism compels us to recognize that criminal trials cannot be squeezed dry of all feeling. Id., quoting State v. Keenan (1993),66 Ohio St.3d 402.
 {¶ 18} Finally, the appellant challenges another statement made by the prosecutor in his final rebuttal. In his closing argument, the appellant made the following three statements:
 {¶ 19} (1) "* * * Now, for three days [the prosecutor] has been trying to convince you I stabbed Kahlil Ausbrook. But what does he say? He says, Darlene, did you stab Khalil? If that's not reasonable doubt, then what is? * * *" (Tr. 663-664)
 {¶ 20} (2) "* * * And the most important thing is the prosecutor don't (sic) even believe I stabbed him. Because if he did, why would he ask her? Why? If that's not reasonable doubt, then nothing is. Nothing. * * *" (Tr. 673)
 {¶ 21} (3) "* * * And the more important thing, the prosecutor believes I didn't stab him. * * *." (Tr. 679.)
 {¶ 22} Upon rebuttal, the prosecutor stated: "Let's just get this straight. There seems to be a little doubt. I believe that he stabbed Kahlil Ausbrook." (Tr. 682.) Appellant argues that this statement somehow prejudiced his entire defense, despite the trial court sustaining appellant's objection at trial and issuing a curative instruction for the jury to disregard what the prosecutor "believes."
 {¶ 23} First, both parties have latitude in responding to the arguments of opposing counsel. State v. Brown (1988), 38 Ohio St.3d 305,317, 528 N.E.2d 523, 538. Because appellant chose to waive his right to counsel and proceed pro se, he is held to the same standard as the prosecutor with respect to procedural matters. This court has repeatedly recognized that "when an individual decides to proceed pro se, he is bound by the same rules and procedures as litigants who retain counsel and must accept the results of [his or her] own mistakes and errors."State v. Socha (Apr. 11, 2002), Cuyahoga App. No. 80002 at 19, citingMackey v. Steve Barry Ford, Inc. (May 30, 1991), Cuyahoga App. No. 58681 at 9; Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209. Moreover, even if the prosecutor's statement in response to appellant's closing went beyond the scope of responding to arguments the appellant raised in his closing argument and somehow prejudiced the appellant, the trial court cured any error with the jury instruction. It is presumed that the jury will follow the instructions given to it by the judge. State v.Loza (1994), 71 Ohio St.3d 61, 75, citing State v. Henderson (1988),39 Ohio St.3d 24. Therefore, we find this assignment of error to be without merit, and it is hereby overruled.
 Sufficiency and Manifest Weight of the Evidence {¶ 24} In Assignment of Error II in his Pro Se Brief, appellant argues that the state lacked sufficient evidence for a conviction and the trial court erred in denying his motion for a judgment of acquittal pursuant to Crim.R. 29. In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 25} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979],443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at ¶ 2 of the syllabus.
 {¶ 26} More recently, in State v. Thompkins (1997),78 Ohio St.3d 380, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 27} "`[S]ufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388,124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560." Id. at 386-387.
 {¶ 28} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 29} The evidence presented in this case is more than sufficient to support a conviction. The State presented eight witnesses in support of its case. The victim testified as to the events that occurred on the night in question. His statement matched not only the information given to hospital staff in the treatment of his injuries, but also those utterances made to the night clerk at the gas station who made the 911 call for help. Every officer involved with the case testified that there was a call for help from the gas station at the corner of Coventry and Mayfield Roads, which prompted police intervention. Several officers responded to the gas station, where they encountered the victim and a large amount of blood present at the scene. Four officers then responded to the home of the appellant's girlfriend, where the assault had taken place; they immediately became involved in a foot chase because appellant had fled as soon as the police appeared on the scene. Appellant was later found on a nearby residential street hiding in a garage, under a car. All of the officers involved identified appellant as the suspect they had been pursuing. The appellant's then-girlfriend and the victim appeared at the Cleveland Heights police station the next morning to issue statements, which statements were largely consistent with their testimony at trial.
 {¶ 30} The only witness presented by appellant was his former girlfriend, who is also the mother of the victim's son. Her testimony on direct examination was substantially different than her written and signed statement previously recorded. The girlfriend admitted on cross examination that she still loved the appellant and that her recollection would have been much better immediately following the events in question than at trial, two years later. She also admitted that her written statement was mostly accurate.
 {¶ 31} Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have found the appellant guilty beyond a reasonable doubt. This assignment of error is overruled.
 {¶ 32} The appellant goes on to argue in Assignment of Error II of Appellant's Brief that the conviction was against the manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345.
 {¶ 33} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v.Florida, supra, where the court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 34} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 35} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 36} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Hence we must accord due deference to those determinations made by the trier of fact.
 {¶ 37} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442/64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "(1) Knowledge that even a reviewing court is not required to accept the incredible as true; (2) Whether evidence is uncontradicted; (3) Whether a witness was impeached; (4) Attention to what was not proved; (5) The certainty of the evidence; (6) The reliability of the evidence; (7) The extent to which a witness may have a personal interest to advance or defend their testimony; and (8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary."
 {¶ 38} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt.State v. Eley (1978), 56 Ohio St.2d 169.
 {¶ 39} As discussed above, the evidence presented in this case was legally sufficient to support the appellant's conviction. The jury heard testimony and reviewed medical records that confirmed the victim was indeed stabbed and had a knee injury. The victim knew his attacker and could identify him as the appellant. The police officers involved in the foot chase could identify the suspect being pursued as the appellant. The trier of fact in this case could have reasonably concluded from the substantial evidence presented that the State proved each element of the offense beyond a reasonable doubt. There is no evidence this jury lost its way; therefore, this assignment of error is without merit and is overruled.
 Speedy Trial {¶ 40} Finally, in Assignment of Error I of his Pro Se Brief, appellant argues that his rights to a speedy trial were violated because he has been incarcerated since his first trial in 2000. The Sixth andFourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the State. State v. O'Brien
(1987), 34 Ohio St.3d 7. In Barker v. Wingo (1972), 407 U.S. 514, 523,92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 112-113, the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with the Barker
decision. See, also, State v. Lewis (1990), 70 Ohio App.3d 624.
 {¶ 41} R.C. 2945.71 states in pertinent part:
 {¶ 42} "(C) A person against whom a charge of felony is pending:
 {¶ 43} "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after his arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after his arrest if the accused is held in jail in lieu of bail on the pending charge;
 {¶ 44} "(2) Shall be brought to trial within two hundred seventy days after his arrest.
 {¶ 45} "* * *
 {¶ 46} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 47} It is well established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this State. State v. Pachay (1980), 64 Ohio St.2d 218.
 {¶ 48} Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v. Howard (1992),79 Ohio App.3d 705. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72.State v. Geraldo (1983), 13 Ohio App.3d 27. However, these requirements do not apply to a case wherein a defendant has already had one trial and is expecting another on reversal and remand. State v. Willis (1980),69 Ohio App.2d 128. In that case, the statute has no application. Statev. Gettys (1976), 49 Ohio App.2d 241; State v. McAllister (1977),53 Ohio App.2d 176.
 {¶ 49} In the instant case, appellant has already had a trial and an appellate review of that conviction; he failed to raise the issue of speedy trial on appeal with respect to his first conviction, thus, any error is therefore waived. The instant case was tried on remand from this court within 90 days of the case being returned to the docket of the trial court. Appellant did not raise the issue of his speedy trial rights until the trial was set to begin on April 24, 2002. Speedy trial rights are waived if not timely asserted. State v. Trummer (1996),114 Ohio App.3d 456. Further, within the standards of reasonableness, the applicable statute has no bearing on cases being tried on remand. Appellant's Assignment of Error I of his Pro Se Brief has no merit and is therefore overruled.
Judgment affirmed.
Sean C. Gallagher, J., And James D. Sweeney*, J., Concur.
* Sitting By Assignment: Judge James D. Sweeney, Retired, Of The Eighth District Court Of Appeals.
[1] In his Pro Se Brief, appellant lists a number of statements made by the prosecutor in his closing argument, but does not provide a basis for why these statements may be prejudicial. We will therefore address Assignment of Error III in Appellant's Pro Se Brief and Assignment of Error I in Appellant's Brief together.