JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Vincent Parker ("Parker"), appeals his conviction for aggravated murder. We find no merit to this appeal and affirm.
 {¶ 2} In February 1995, Parker was indicted in Case No. CR-320034 for aggravated murder with a felony-murder and firearm specification, aggravated robbery with a firearm specification, and having a weapon while under disability. He was also charged with assault in Case No. CR-318382, which contained a peace officer specification. In exchange for the State's agreement not to pursue the death penalty, Parker pled guilty on June 30, 1995 to aggravated murder with a felony-murder and firearm specification and the amended count of aggravated robbery. As part of the plea agreement, the State also nolled the last count in Case No. CR-320034 and dismissed the charge in Case No. CR-318382.
 {¶ 3} After allowing Parker's delayed appeal in May 1999, this court vacated his guilty plea and remanded the case for further proceedings because a single judge lacked jurisdiction to accept his guilty plea. See State v. Parker, Cuyahoga App. No. 76395, 2001-Ohio-4120 ("Parker I"). Specifically, we held that because the death penalty specification was not deleted from the indictment, R.C. 2945.06 governed the acceptance of his plea and required a three-judge panel. Thus, even though Parker had agreed to have his pleas submitted to a single judge and waived the presence of a three-judge panel, the requirements of R.C. 2945.06
were jurisdictional and could not be waived.
 {¶ 4} On June 26, 2002, the Ohio Supreme Court affirmed our decision in State v. Parker (2002), 95 Ohio St.3d 524 ("ParkerII").
 {¶ 5} Upon remand and following the Ohio Supreme Court's affirmance in Parker II, the trial court assigned Parker new counsel and the parties conducted discovery. After numerous pretrials, the court set a November 18, 2002 trial date. After one of Parker's counsel disclosed a conflict of interest, the court appointed new counsel on August 30, 2002, and scheduled another pretrial. At the pretrial on September 16, 2002, Parker signed a waiver of speedy trial.
 {¶ 6} Following the execution of the waiver, Parker, pro se, moved to dismiss the charges on the basis that his statutory and constitutional rights to a speedy trial were violated. In his motion, Parker argued that because the trial court lacked jurisdiction to accept his pleas in June 1995, his conviction was a void judgment and, therefore, a nullity. He further argued that because the acceptance of his guilty pleas was a nullity, his felony charges were still pending and were never actually set for trial. As a result, he claimed that the eight-year delay for a trial was a clear violation of his statutory and constitutional rights to a speedy trial.
 {¶ 7} At the hearing on the motion, Parker insisted on arguing the motion himself. Although Parker alleged in his motion that he did not sign the speedy trial waiver knowingly or willingly, he failed to present any evidence in support of that assertion or even argue the issue during the hearing. Rather, he argued that he has waited approximately eight years and still has not had a trial. Ultimately, the court denied his motion.
 {¶ 8} Following the denial, Parker reached a plea agreement with the State. Before a three-judge panel, Parker pled guilty to murder, and the State nolled the remaining charges and specifications in both cases.
 {¶ 9} Parker appeals, raising three assignments of error, as well as three additional assignments of error in his pro se brief. We will address these assignments of error together and out of order where appropriate.
 Speedy Trial {¶ 10} In his first pro se assignment of error, Parker argues that the trial court erred by denying his motion to dismiss the charges because both his statutory and constitutional rights to a speedy trial were violated. Similarly, Parker's counsel makes the same argument in his second assignment of error and further argues that the speedy trial provisions applied after Parker's case was remanded for further proceedings.
 {¶ 11} Parker contends that the trial court's failure to ensure it had jurisdiction to take his guilty pleas in 1995 effectively denied him a timely trial. He claims that he was not brought to trial until his subsequent guilty plea in January 2003 and that the time was not tolled for any reason consistent with R.C. 2945.72. As a result, he argues that the eight-year delay constitutes a violation of his constitutional right to a speedy trial and clearly surpasses the 90-day time period set forth in Ohio's speedy trial statute. See R.C. 2945.71 through 2945.73.
 {¶ 12} Initially, we note that a valid guilty plea under Crim.R. 11 waives an appellant's right to challenge his conviction on statutory speedy trial grounds. State v. Kelley
(1991), 57 Ohio St.3d 127, paragraph one of the syllabus. But, even if this issue was appealable, we find that it (along with Parker's constitutional challenge) lacks merit based on res judicata.
 {¶ 13} The doctrine of res judicata bars further litigation in a criminal case of issues which were raised previously or could have been raised previously in a direct appeal. State v.Leek, Cuyahoga App. No. 74338, citing State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. Here, Parker raises an argument that could have been raised in Parker I. He argues that the trial court's lack of jurisdiction to accept his guilty pleas in 1995 deprived him of a trial and, therefore, his felony charges were still pending, and the time had elapsed for a speedy trial. Because Parker's original appeal was filed four years after he pled guilty, this argument could have been made inParker I. Thus, the doctrine of res judicata precludes Parker from now arguing that his speedy trial rights have been violated based on an argument that existed at the time of his first appeal. See, also, State v. Richards, Cuyahoga App. No. 81452,2003-Ohio-5235 (finding that defendant waived speedy trial claim after failing to raise it in direct appeal with respect to his first conviction).
 {¶ 14} Moreover, this case was remanded for further proceedings in Parker I after this court vacated his guilty pleas. This decision was subsequently affirmed by the Ohio Supreme Court in Parker II. Based on the law of the case doctrine, "trial courts have no discretion to disregard the mandate of a reviewing court and have no authority to extend or vary the mandate given." State v. Latson (Nov. 1, 2001), Cuyahoga App. No. 79093, citing Nolan v. Nolan (1984),11 Ohio St.3d 1. Here, the trial court was required to carry out the mandate of the Ohio Supreme Court, which contained no order to dismiss the charges. Thus, the trial court did not err in denying Parker's motion as it pertained to speedy trial issues originating prior to the Ohio Supreme Court's remand in 2002.
 {¶ 15} To the extent that Parker argues that his speedy trial rights were violated after the remand from the Ohio Supreme Court in Parker II, the doctrine of res judicata does not apply. Parker's argument, however, still lacks merit.
 {¶ 16} R.C. 2945.71 requires the State to bring a felony defendant to trial within 270 days of arrest or within 90 days if the accused is held in jail in lieu of bail on the pending charge. R.C. 2945.71(C) and (E). Each day the accused is held in jail in lieu of bail on the pending charge is subject to the triple-count provision of R.C. 2945.71(E).
 {¶ 17} In addition, a defendant is guaranteed the constitutional right to a speedy trial pursuant to the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. State v.Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017. "The essence of the constitutional guarantee is that a trial may not be unjustifiably delayed." State v. Mintz (1991), 74 Ohio App.3d 62, citingState v. Meeker (1971), 26 Ohio St.2d 9, paragraph one of the syllabus. The factors to be considered in determining whether trial delays are reasonable include: "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Taylor, supra, citing Barker v.Wingo (1972), 407 U.S. 514. The "reasonableness factors" set forth in Taylor weigh against Parker's claim. He failed to pursue any appeal for four years and ultimately pled guilty again, with a more favorable sentence. Thus, he cannot point to any prejudice.
 {¶ 18} However, Ohio's Speedy Trial Statute does not apply to convictions which have been reversed and remanded for retrial.State v. Saunders (1984), 23 Ohio App.3d 69. See, also, Statev. Washington, Cuyahoga App. No. 80418, 2002-Ohio-5834. Rather, "the standard to be applied * * * is basically reasonableness under federal and state constitutions." Id., quoting State v.Fleming (1982), 1 Ohio St.3d 19, 21.
 {¶ 19} But, in cases where the defendant has had no trial, i.e., pled no contest, and the reviewing court is remanding the matter for further proceedings, R.C. 2945.71 does apply. Statev. McCormick (1988), 41 Ohio App.3d 158, citing State v.Willis (1980), 69 Ohio App.2d 128. Compare State v. McAllister
(1977), 53 Ohio App.2d 176 (holding that "Ohio's speedy trial statutes are directed solely to an original trial following the arrest of a defendant, and have no application to the time within which a defendant must be tried following the vacation of a no contest plea").
 {¶ 20} Because Parker's guilty pleas were defective and he never had a trial, we find that R.C. 2945.71 applied to Parker's case after it was remanded. Here, the Ohio Supreme Court issued its opinion in Parker II on June 26, 2002. Less than 90 days later, Parker executed a speedy trial waiver on September 16, 2002, extending the time for his trial until February 1, 2003. Thus, there was no violation of his statutory speedy trial rights at the time of the waiver. Further, the waiver expressly waived Parker's constitutional rights as well. Because the waiver was taken in open court and filed as part of the record, we find that the waiver was valid and that there was no speedy trial violation after this case was remanded for further proceedings.
 {¶ 21} Accordingly, the second assignment of error and Parker's pro se first assignment of error are overruled.
 Guilty Plea {¶ 22} In his first assignment of error, Parker contends that the trial court erred in accepting his guilty plea without complying with Crim.R. 11. Specifically, Parker argues that the court failed to ensure that he understood the nature of the charges against him, including the elements of the offense. As a result, Parker claims that his plea was not knowing, intelligent, and voluntary. We disagree.
 {¶ 23} Crim.R. 11(C)(2)(a) provides, in pertinent part:
"In felony cases the court may refuse to accept a plea ofguilty or a plea of no contest, and shall not accept a plea ofguilty or no contest without first addressing the defendantpersonally and * * * determining that the defendant is making theplea voluntarily, with understanding of the nature of the chargesand of the maximum penalty involved * * *."
 {¶ 24} Crim.R. 11(C) requires a trial court to conduct an oral dialogue with the defendant to determine whether the defendant fully comprehends the consequences of his guilty plea.State v. Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731, citing State v. Caudill (1976), 48 Ohio St.2d 343, paragraph two of the syllabus.
 {¶ 25} In accepting a guilty plea, a court need only substantially comply with Crim.R. 11(C) in regards to nonconstitutional rights. Id. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived." State v. Dudley (Oct. 20, 1995), Trumbull App. No. 93-T-4907, appeal dismissed (1996), 75 Ohio St.3d 1422, citing State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 26} Furthermore, courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, citing State v. Rainey (1982), 3 Ohio App.3d 441, 442;State v. Swift (1993), 86 Ohio App.3d 407, 412, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410. Thus, Parker's reliance on State v. Blair (1998), 128 Ohio App.3d 435, for the proposition that the record must reflect that the defendant was advised as to what the State would have to prove to convict him lacks merit. See, also, State v. Philpott (Dec. 14, 2000), Cuyahoga App. No. 74392 (rejecting Blair's holding that defendant must be advised as to "what the state would have to prove to convict").
 {¶ 27} In the instant case, the totality of the circumstances indicates that Parker understood the charges against him. The prosecutor explained the nature of the charges against Parker when he read the amended indictment and the circumstances supporting it. Specifically, he stated:
"The amendment is going to be the defendant is going to pleadguilty to murder; and I would ask the Court to change the captionof the indictment, 2903.02, to strike all language out of theindictment except for the following, that the defendant didpurposely cause the death of another, to-wit, William Berkeley."
 {¶ 28} Furthermore, the court asked Parker throughout the proceedings whether he had any questions. The court identified the charge to which Parker was pleading guilty and explained the maximum penalty. Parker indicated that he was satisfied with the representation of his counsel, that he understood the effect of his plea, and that no promises had been made to induce his plea. Finally, the court advised him of his constitutional rights and then accepted his guilty plea. Based on these circumstances, we find that Parker was aware of the nature of the charge to which he was pleading guilty and, thus, his plea was taken in compliance with Crim.R. 11.
 {¶ 29} Parker's first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 30} In his third assignment of error, Parker argues that he was denied effective assistance of counsel by counsel's refusal to argue his motion to dismiss the charges and failure to properly research the speedy trial issues, by counsel's failure to effectively communicate with him, and by his counsel's failure to speak on his behalf at sentencing.
 {¶ 31} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v.Washington (1984), 466 U.S. 668. Pursuant to Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Statev. Bradley (1989), 42 Ohio St.3d 136, at paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998),81 Ohio St.3d 673, 674.
 {¶ 32} Contrary to Parker's assertion, the record reveals that Parker insisted on arguing the motion to dismiss and expressly declined the court's offer for counsel to argue the motion. Thus, his contention that his counsel was ineffective by failing to argue the motion is erroneous. Moreover, counsel's failure to pursue the speedy trial issues was not deficient because that argument lacks merit. Thus, we cannot say counsel was ineffective for failing to raise a meritless argument. SeeState v. Wade, Cuyahoga App. No. 81080, 2002-Ohio-6827, citingKimmelman v. Morrison (1986), 477 U.S. 365, 382.
 {¶ 33} Parker fails to offer any evidence showing how the other alleged deficiencies of his counsel prejudiced him. To the contrary, the record reflects that Parker benefitted greatly from counsel's representation. Through the plea agreement reached by his counsel, the State agreed to nolle the felony murder and firearm specifications attached to the murder charge and nolle the aggravated robbery with firearm specification and having a weapon under disability charges. Thus, Parker went from facing the death penalty to receiving a sentence of fifteen years to life, with credit for time served.
 {¶ 34} Accordingly, we overrule Parker's third assignment of error.
 Deferred Ruling {¶ 35} In his second pro se assignment of error, Parker contends that the trial court abused its discretion by refusing to defer ruling on his motion to dismiss the charges. Specifically, he argues that he was prejudiced by the court's refusal to grant a continuance and allow him to file a brief to rebut the arguments raised by the prosecutor at the hearing on the motion.
 {¶ 36} The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. State v.Unger (1981), 67 Ohio St.2d 65. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 37} We find no abuse of discretion in the trial court's refusal to defer ruling and continue the hearing. Parker was afforded a hearing on his motion and provided the opportunity to argue. The prosecutor was entitled to verbally respond to Parker's arguments at the hearing. We find that the court's right to control its docket combined with the public's interest in a prompt and efficient judicial system, far outweigh any possible prejudice to Parker resulting from the court's refusal to continue the hearing and defer ruling. See, Unger, supra.
 {¶ 38} Accordingly, Parker's second pro se assignment of error is overruled.
 Findings of Fact {¶ 39} In his final pro se assignment of error, Parker argues that the trial court failed to comply with Crim.R. 12 when it denied his motion to dismiss the charges without stating its essential findings on the record.
 {¶ 40} Crim.R. 12(F) states that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, the trial court's failure to issue such findings is not prejudicial error where findings are not requested by a party and the record provides a reviewing court with a sufficient basis to review the assignments of error. State v. Williams, Cuyahoga App. No. 81364, 2003-Ohio-2647, citing State v. Benner (1988),40 Ohio St.3d 301, 317-318. See, also, State v. Jones, 154 Ohio App.3d 231,2003-Ohio-4669 (holding that defendant's failure to request findings waived any error on appeal).
 {¶ 41} Considering that Parker never requested findings of fact and that the record allows us to adequately review the speedy trial issue, we find no error in the trial court's failure to state its findings of fact.
 {¶ 42} Accordingly, Parker's final pro se assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Gallagher, J. concur.