JOURNAL ENTRY AND OPINION
{¶ 1} Vincent Parker has filed a "delayed application for reconsideration and reopening" pursuant to App.R. 14(B), 26(A), and 26(B). Essentially, Parker is attempting to reopen the appellate judgment that was rendered in State v. Parker, Cuyahoga App. No. 82687,2004-Ohio-2976, which affirmed his murder conviction. For the following reasons, we decline to reopen Parker's appeal.
 {¶ 2} Initially, we find that Parker's application for reconsideration is not timely, because it was not filed within ten days of the announcement of our judgment rendered in State v. Parker. Parker has also failed to establish any "extraordinary circumstances," as required by App.R. 14(B), which would allow us to enlarge the time in which to file a "delayed" application for reconsideration pursuant to App.R. 26(A). Cf. State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249,647 N.E.2d 784.
 {¶ 3} In addition, we find that Parker has failed to establish "good cause" for the untimely filing of his application for reopening. App.R. 26(B)(2)(b) requires that Parker establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:
 {¶ 4} "We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was *Page 4 
decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
 {¶ 5} "Ohio and other states `may erect reasonable proceduralrequirements for triggering the right to an adjudication,' Logan v.Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148,71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline forthe filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in therule is `applicable to all appellants,' State v. Winstead (1996),74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason whyhe-unlike so many other Ohio criminal defendants — could not comply withthat fundamental aspect of the rule." State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7 (emphasis added). See, also,State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970;State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252;State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. *Page 5 
 {¶ 6} In the case sub judice, Parker is attempting to reopen the appellate judgment that was journalized on June 21, 2004. The application for reopening was not filed until November 16, 2007, more than 90 days after journalization of the appellate judgment in State v.Parker. Parker has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v.Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317. See, also, State v.Gaston, Cuyahoga App. No. 79626, 2007-Ohio-155; State v. Torres, Cuyahoga App. No. 86530, 2007-Ohio-9.
 {¶ 7} Finally, we find that the doctrine of res judicata prevents this court from reopening Parker's appeal. The principles of res judicata may be applied to bar the further litigation of issues, which were raised previously or could have been raised through an appeal. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel, as raised in an application for reopening, may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204; State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164. Herein, Parker *Page 7 
filed a notice of appeal, pro se, with the Ohio Supreme Court. On October 27, 2004, the Ohio Supreme Court denied Parker leave to appeal and dismissed his appeal. See State v. Parker, 103 Ohio St.3d 1493,2004-Ohio-5605, 816 N.E.2d 1080. Because Parker could have raised his claim of ineffective assistance of appellate counsel through his appeal to the Ohio Supreme Court, we find that res judicata now bars any further review of the issue. State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust.
 {¶ 8} Accordingly, the application for reopening is denied.
 JAMES J. SWEENEY, A.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1