[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Hawkins v. Haas,* **Slip Opinion No. 2014-Ohio-5196.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5196

THE STATE EX REL. HAWKINS *v.* HAAS, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hawkins v. Haas,* Slip Opinion No. 2014-Ohio-5196.]**

*Mandamus and habeas corpus—Jail-time credit—Failure to attach all relevant commitment papers—Cause dismissed.*

(No. 2014-0013—Submitted November 18, 2014—Decided November 25, 2014.)

IN MANDAMUS and HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} We dismiss relator Cqualin Hawkins's petition for writs of mandamus and habeas corpus.  Hawkins asserts that the Ohio Department of Rehabilitation and Correction ("ODRC") miscalculated his jail-time credit and that it will not credit him with additional time without an order from the judge to do so.  *See* Ohio Adm.Code 5120-2-04(H).

**{¶ 2}** In April 2010, Hawkins pleaded guilty to burglary, domestic violence, and assault. He was sentenced by respondent Judge John Haas in May 2010 to four years on the burglary charge, to be served concurrently with lesser sentences for the other offenses. In December 2010, he was released on community control. In March 2012, while on community control, Hawkins committed a new domestic-violence offense and was sentenced by Judge Taryn Heath to three years for that crime. In addition, because of the new crime, his community-control release was revoked and his 2010 sentence was reimposed in May 2012. Judge Haas's entry reimposing the sentence gives Hawkins jail-time credit for his time in custody both before he was released on community control and after he was arrested for the new crime. The ODRC document attached to Hawkins's complaint indicates a jail-time credit of 474 days as of May 3, 2012, for the 2010 sentence. The same document shows that Hawkins was credited with 54 days of jail time as of May 3, 2012, toward his sentence for the new offense.

**{¶ 3}** Hawkins filed this petition for writs of mandamus and habeas corpus in this court, asserting that the jail-time credit for the new offense should be the same as for the old offense, i.e., he should be given 420 additional days of jail-time credit toward his new three-year sentence, for a total of 474 days. We ordered a return on the writ.

**{¶ 4}** We dismiss Hawkins's petition for habeas corpus because it is moot. According to the ODRC's Offender Search website, Hawkins was released from prison on July 16, 2014, and is now on postrelease control. *See* http://www.drc.ohio.gov/OffenderSearch/details.aspx?id=A624182&pg=x (accessed Nov. 10, 2014).[1] His action in habeas corpus is moot because he is no longer in custody. *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, 842

---

[1] An event that causes a case to become moot may be proved by extrinsic evidence. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St. 3d 433, 2014-Ohio-2348, 12 N.E.3d 1187, ¶ 2, fn. 1, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

N.E.2d 513, ¶ 5, quoting *Larsen v. State*, 92 Ohio St.3d 69, 69-70, 748 N.E.2d 72 (2001) (" 'If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is normally rendered moot' ").

{¶ 5} We also dismiss Hawkins's petition for habeas corpus because of flaws in his complaint. Hawkins did not attach all his pertinent commitment papers as required by R.C. 2725.04(D). Failure to do so renders the petition "fatally defective." *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 6. Hawkins included only the May 2012 entry by Judge Haas reimposing the four-year sentence. When a petitioner has more than one pertinent conviction, he must attach all the pertinent commitment papers to his habeas corpus petition. *Hairston v. Seidner*, 88 Ohio St.3d 57, 723 N.E.2d 575 (2000). Hawkins did not attach Judge Heath's entry sentencing him for the new crime.

{¶ 6} Aside from the statutory requirement that all relevant commitment papers be attached to a petition for a writ of habeas corpus, this case illustrates the impossibility of determining whether jail-time credit is due when not all the entries awarding credit are provided. We dismiss Hawkins's complaint for a writ of mandamus because without having all his relevant commitment papers, it is impossible to determine what the final tally of his jail-time credit should be. The one entry attached to his complaint indicates that Hawkins should receive 127 days of credit plus an additional number of days to "be calculated by the Sheriff." Thus, Hawkins has not supplied evidence to support the total number of jail-time-credit days that he asserts in the complaint that he is owed.

{¶ 7} Moreover, Hawkins did not name all the parties necessary to a complete determination of his jail-time credit. Specifically, he named Judge Haas as a respondent but did not name Judge Heath, who, according to the ODRC document attached to the complaint, sentenced him to the more recent three-year term of incarceration. Judge Heath is necessary as a respondent in mandamus,

and her entries are necessary to determine the final amount of jail-time credit owed Hawkins.

**{¶ 8}** We therefore dismiss Hawkins's petition for writs of mandamus and habeas corpus.

Cause dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Cqualin Hawkins, pro se.

John D. Ferrero, Stark County Prosecuting Attorney, and Kathleen O. Tatarsky, Assistant Prosecuting Attorney, for respondent Judge John Haas.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Senior Assistant Attorney General, for respondent Warden Margaret Bradshaw.

_____