[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Powe v. Lanzinger,* Slip Opinion No. 2019-Ohio-954.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-954

THE STATE EX REL. POWE, APPELLANT, *v*. LANZINGER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Powe v. Lanzinger,* Slip Opinion No. 2019-Ohio-954.]

*Mandamus—Inmate failed to comply with filing requirements of R.C. 2969.25(C)— Court of appeals' dismissal of petition affirmed.*

(No. 2018-1121—Submitted January 29, 2019—Decided March 21, 2019.)

APPEAL from the Court of Appeals for Summit County, No. 29080.

_____

**Per Curiam.**

{¶ 1} Appellant, Orlando L. Powe, appeals the Ninth District Court of Appeals' dismissal of his petition for a writ of mandamus against appellee, Summit County Common Pleas Court Judge Jill Lanzinger.  We affirm.

{¶ 2} Powe was convicted of murder, felonious assault, and endangering children in 2002.  *State v. Powe*, 9th Dist. Summit No. 21026, 2002-Ohio-6034.

**{¶ 3}** On June 22, 2018, Powe filed a petition for a writ of mandamus against Judge Lanzinger. He alleged that the trial court lacked jurisdiction over his criminal case because a criminal complaint was never filed against him. He asked the court of appeals to issue a writ compelling Judge Lanzinger to "produce a properly filed criminal complaint" or else "dismiss the judgment/conviction against [him] under Crim.R. 48(B)."

**{¶ 4}** On July 12, 2018, the court of appeals dismissed the mandamus petition sua sponte on the grounds that Powe failed to comply with the filing requirements of R.C. 2969.25(C). Powe appealed.

**{¶ 5}** An inmate who seeks a waiver of court filing fees when instituting a suit in the court of appeals against a government actor must provide (1) a statement setting forth the balance in the inmate's account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate at the time of filing. R.C. 2969.25(C). Failure to comply with the requirements of R.C. 2969.25(C) is grounds for dismissal of the complaint. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5.

**{¶ 6}** In this case, Powe attached to his petition a form captioned "Financial Disclosure/Affidavit of Indigency" that he claims to have received from the prison cashier at his request. The document, which was notarized by an official at the prison, merely sets forth the facts that Powe works for the state in the institution and that he receives $20 a month in wages. The form does not state the balance in Powe's account for each of the preceding six months, nor does it identify cash or other things of value owned by Powe at the time of filing. The court of appeals was therefore correct that the form does not comply with R.C. 2969.25(C).

**{¶ 7}** Powe notes that the form was prepared by the cashier and argues that because Powe cannot control what information the form includes, he should not be punished if the form is noncompliant. However, the requirements of R.C.

2969.25(C) do not allow for substantial compliance, *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 7, so the reason for Powe's noncompliance is not relevant.

{¶ 8} Alternatively, Powe suggests that he must have complied with the statutory requirements because otherwise, the clerk's office would not have accepted his petition for filing. However, the clerk's office has no authority to enforce the requirements of R.C. 2969.25(C). The local rules of the Ninth Appellate District instruct the clerk to accept all pleadings for filing so long as the party submits an affidavit of inability to pay costs. Loc.R. 2(D) of the Ninth District Court of Appeals.

{¶ 9} The court of appeals correctly dismissed Powe's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Orlando L. Powe, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____