[Cite as *Lenhart v. Schilling*, 2019-Ohio-4263.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CHRISTOPHER LENHART, | : | |
| Petitioner, | : | |
| | : | No. 108905 |
| v. | : | |
| DAVID G. SCHILLING, INTERIM SHERIFF, | : | |
| Respondent. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** October 16, 2019

Writ of Habeas Corpus
Motion No. 531193
Order No. 531972

## *Appearances:*

Christopher Lenhart, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony Thomas Miranda, Assistant Prosecuting Attorney, *for respondent.*

ANITA LASTER MAYS, J.:

{¶ 1} Petitioner, Christopher Lenhart, seeks a writ of habeas corpus, directing respondent, Cuyahoga County Sheriff, to release Lenhart from custody.

Lenhart's petition is fatally defective.  Therefore, we grant respondent's motion to dismiss, and dismiss the petition.

## I.  Procedural and Factual History

{¶ 2}   On August 16, 2019, Lenhart filed a petition for a writ of habeas corpus.  There, he asserted a nebulous argument that the Ohio General Assembly gave trial courts the authority to suspend habeas corpus only during times of rebellion or invasion.  He goes on to claim that habeas corpus was not so suspended when he finished serving his prison sentence in an underlying criminal case, *State v. Lenhart*, Cuyahoga C.P. No. CR-12-558148-A, and was then transferred to the supervision of the adult parole authority.  Lenhart claims that his release from prison and into the supervision of the adult parole authority without a hearing or due process constituted a violation of R.C. 2725.24.[1]

{¶ 3}   Interim Sheriff David G. Schilling, Jr., successor to Sheriff Clifford Pinkney, responded to the petition pursuant to App.R. 29(C) and Civ.R. 25(D) by filing a motion to dismiss on August 19, 2019.  Respondent pointed out several procedural defects in Lenhart's petition and argued that the petition also failed on the merits.  Lenhart did not respond to the motion to dismiss.

---

[1] This statute provides, "A person committed to prison, or in the custody of an officer for a criminal matter, shall not be removed therefrom into the custody of another officer, unless by legal process, or unless the prisoner is delivered to an inferior officer to be taken to jail, or, by order of the proper court, is removed from one place to another within this state for trial, or in case of fire, infection, or other necessity."

## II. Law and Analysis

{¶ 4} A writ of habeas corpus is appropriate "in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). The relief afforded by habeas corpus, and the requirements for seeking such an extraordinary remedy, are enshrined in R.C. 2725.04. This statute provides that one seeking such a writ will provide a written, verified petition that specifies:

> (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
>
> (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
>
> (C) The place where the prisoner is so imprisoned or restrained, if known;
>
> (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶ 5} Lenhart did not attach any commitment papers to his petition. The failure to attach commitment papers renders the petition fatally defective. *State ex rel. Hawkins v. Haas*, 141 Ohio St.3d 98, 2014-Ohio-5196, 21 N.E.3d 1060, ¶ 5, citing *Tisdale v. Eberlin*, 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 6. This, alone, is sufficient to dismiss the petition.

{¶ 6} Other procedural deficiencies exist in Lenhart's petition. Lenhart did not set forth the prior civil actions or appeals of civil actions filed within the preceding five years as required by R.C. 2969.25(A). When an inmate asserts a civil action against a government entity or employee, the statute requires the inmate to include an affidavit that includes:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 7} Lenhart attached an affidavit to his petition. It stated that he has filed civil actions against governmental entities or employees in the previous five years, but did not disclose any other information. This is not sufficient to comply with the requirement set forth in R.C. 2969.25(A). This is also a sufficient reason to dismiss the petition. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.,* 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6, citing *State v. Henton,* 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3.

{¶ 8} R.C. 2969.25(C) also requires an inmate who wishes to waive the filing fee to include an affidavit of indigency that includes "(1) A statement that sets

forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier; [and] (2) A statement that sets forth all other cash and things of value owned by the inmate at that time."

{¶ 9} Lenhart submitted an affidavit of indigency, but did not include a certified statement from the institutional cashier setting forth the balance of Lenhart's account for the preceding six months. The Ohio Supreme Court has held that "[f]ailure to comply with the requirements of R.C. 2969.25(C) is grounds for dismissal of the complaint." *State ex rel. Powe v. Lanzinger*, 156 Ohio St.3d 358, 2019-Ohio-954, 126 N.E.3d 1127, ¶ 5, citing *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5. Therefore, this is a sufficient reason to dismiss the petition and impose costs.

{¶ 10} Due to these procedural defects, we grant respondent's motion to dismiss. Lenhart's petition for a writ of habeas corpus is dismissed. Costs to relator. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 11} Petition dismissed.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR