[Cite as *Lundeen v. Turner*, 2020-Ohio-274.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CYNTHIA LUNDEEN, | : | |
| Relator, | : | |
| | : | No. 109240 |
| v. | : | |
| JUDGE DEBORAH TURNER ET AL., | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** January 24, 2020

Writ of Prohibition
Motion No. 534529
Order No. 534540

### *Appearances:*

Cynthia Lundeen, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, *for respondent.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Relator, Cynthia Lundeen, seeks a writ of prohibition against respondents, Judge Deborah M. Turner and Sheriff David G. Schilling, Jr. Lundeen argues that respondent judge lacks jurisdiction over a foreclosure action pending

before her in *Wells Fargo Bank v. Lundeen*, Cuyahoga C.P. No. CV-16-856890 (the "Foreclosure Case"). Therefore, Lundeen argues, orders entered in that case must be vacated—including the order directing the real property involved in the Foreclosure Case be sold at sheriff's sale by the respondent sheriff. This action is moot in light of this court's decision in *Wells Fargo Bank v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28 (the "Lundeen Appeal"). There, Lundeen raised the same arguments she now asserts here, and those arguments were rejected by this court. As a result, the motion to intervene filed by putative intervenor, Wells Fargo Bank, N.A., ("Wells Fargo") is denied as moot. Respondents' motion to dismiss is also denied as moot.

**Factual and Procedural History**

{¶ 2} On November 27, 2019, Lundeen filed a complaint for writ of prohibition along with an emergency motion for alternative writ to stay the pending sale of her home by the respondent sheriff, scheduled for December 2, 2019. This court issued an alternative writ staying the sheriff's sale during the pendency of this action. Wells Fargo filed a motion to intervene with attached motion to dismiss on December 16, 2019. Respondents also filed a motion to dismiss on December 19, 2019, which was opposed by Lundeen.

{¶ 3} Lundeen's claims in her complaint stem from a foreclosure action filed by Wells Fargo. Her complaint in the present action asserts that Wells Fargo failed to properly initiate the Foreclosure Case by obtaining service on her within one year. She claims that as a result, all orders entered by respondent judge in the

Foreclosure Case are void, and the respondent judge does not have jurisdiction over the action. She also claims that the evidence offered by Wells Fargo in support of its claims in that action constitutes inadmissible evidence under Evid.R. 803(6) and R.C. 2317.40.

{¶ 4} The Foreclosure Case resulted in a judgment in favor of Wells Fargo. Lundeen appealed that decision to this court in the Lundeen Appeal. In that appeal she presented the same arguments she now relies on in this original action to claim that respondent judge lacks jurisdiction.[1] On January 9, 2020, this court issued an opinion rejecting Lundeen's arguments raised in the Lundeen Appeal and affirmed the trial court's grant of summary judgment. *Lundeen,* 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, at ¶ 13, 21, and 29.

**Law and Analysis**

**Motion to Intervene**

{¶ 5} We will first address a motion to intervene filed by the putative intervenor, Wells Fargo, on December 16, 2019. Pursuant to Civ.R. 24, a party with an interest in litigation may move to intervene by filing a motion to intervene with an attached pleading specified in Civ.R. 7(A). Civ.R. 24(C). However, Wells Fargo's present motion is moot based on the sua sponte dismissal of this action.

---

[1] The Ohio Supreme Court has held that a court may take judicial notice of a docket that is publicly available via the internet. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516; *State v. Chairperson of the Ohio Adult Parole Auth.*, 2018-Ohio-1620, 96 N.E.3d 303 (10th Dist.).

## Writ of Prohibition

{¶ 6} A "writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50, 166 N.E. 894 (1929). In order to be entitled to a writ of prohibition, a relator is required to show by clear and convincing evidence that "(1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator possesses no other adequate remedy in the ordinary course of law if the writ of prohibition is denied." *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 178, 631 N.E.2d 119 (1994). Such a writ is only appropriate where a lower court has exceeded its jurisdiction. Generally, a challenge to a court's jurisdiction in prohibition is a challenge that relates only to a court's subject-matter jurisdiction. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988).

{¶ 7} Lundeen's claim that respondent judge lacks jurisdiction based on the failure of Wells Fargo to properly perfect service on her in the Foreclosure Case has been rejected by this court in the Lundeen Appeal.[2] *Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, at ¶ 20. Therefore, this question is moot. A "moot question" is defined as, among other things:

---

[2] Further, this argument does not relate to a court's subject-matter jurisdiction, but the jurisdiction a court has over the parties.

A question which does not rest upon existing facts or rights; a question as to which in reality there is no actual controversy existing; a question which involves no right actually asserted and contested. * * * A question which has lost significance because of a change in the condition of affairs between the parties, whether before or after the commencement of the action.

(Citations omitted.) *Ballentine's Law Dictionary* (3d Ed.2010). "An event that causes a case to become moot may be proved by extrinsic evidence." *State ex rel. Hawkins v. Haas*, 141 Ohio St.3d 98, 2014-Ohio-5196, 21 N.E.3d 1060, ¶ 4, fn. 1, citing *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, 12 N.E.3d 1187, ¶ 2, fn. 1, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992). Lundeen's claims are moot because they have been resolved by this court in the Lundeen Appeal, and not in her favor.

**{¶ 8}** Even if the case were not moot as a result of the holdings in the Lundeen Appeal and there were something left to decide, Lundeen obviously cannot prevail in the present action. This constitutes grounds for this court to sua sponte dismiss this original action. A court may do so when "after presuming the truth of all material factual allegations of [relators'] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief in prohibition." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, citing *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 6. "Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged

in the complaint." *Id.*, citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶ 9} Lundeen's claims raised in the instant complaint are the same as those raised in an earlier original action she filed in this court in *State ex rel. Lundeen v. Burnside*, 8th Dist. Cuyahoga No. 107657, 2018-Ohio-4122. In the previous original action, Lundeen sought a writ of prohibition against the judge presiding over the Foreclosure Action at that time. *Id.* at ¶ 1. This court dismissed the complaint, finding that the respondent judge had general subject matter jurisdiction over foreclosure actions, and Lundeen had an adequate remedy at law evident in her then pending appeal. *Id.* at ¶ 2-4.

{¶ 10} Lundeen has not alleged any changes in circumstance between the prior original action and the present action, and the arguments advanced are the same. Therefore, Lundeen obviously cannot prevail in the present action. The respondent judge still has general subject-matter jurisdiction over foreclosure actions, and Lundeen still possesses an adequate remedy at law in the form of the Lundeen Appeal. *Burnside* at ¶ 2-3.

{¶ 11} For all these reasons, Lundeen's complaint for writ of prohibition is dismissed. Respondents' motion to dismiss is denied as moot. The alternative writ, issued on November 27, 2019, is vacated as moot. Costs to Lundeen. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 12} Complaint dismissed.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER, J., CONCUR