[Cite as *State v. Ballard*, 2020-Ohio-2967.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-19-1089

      Appellee                                       Trial Court No. CR0201803286

v.

Donald Ballard                                         **DECISION AND JUDGMENT**

      Appellant                                      Decided:  May 15, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Donald Ballard, appeals the March 14, 2019 judgment of the

Lucas County Court of Common Pleas finding him guilty of breaking and entering as

well as determining he committed a felony while subject to postrelease control from a

prior sentence.  Because appellant alleges an error which is not part of the record before

us, we summarily overrule appellant's assignment of error and affirm the judgment of the trial court.

## I. Background

{¶ 2} On December 21, 2018, appellant was indicted on one count of breaking and entering in violation of R.C. 2911.13 (A) and (C), a fifth-degree felony. At his January 2, 2019 arraignment, appellant entered a not guilty plea. The trial court set appellant's bond at $10,000, appointed him trial counsel based on his affidavit of indigency, and remanded him to custody with the Lucas County Sherriff's Department.

{¶ 3} On February 26, 2019, appellant appeared before the trial court for a change of plea hearing. At that time, appellant withdrew his not guilty plea and entered a plea of no contest. The trial court found appellant guilty and ordered him to participate in the preparation of a presentence investigation report.

{¶ 4} Appellant appeared for sentencing on March 14, 2019. At sentencing, the trial court imposed a prison term of 10 months on appellant's breaking and entering charge. The trial court also determined that appellant was on postrelease control at the time he committed the breaking and entering offense. The trial court, therefore, imposed an additional prison term of 106 days as a sanction pursuant to R.C. 2929.141 for appellant's commission of a felony while on postrelease control. Pursuant to R.C. 2929.141(A)(1), appellant's conviction for breaking and entering was ordered to run consecutive to the postrelease control sanction by operation of law.

2.

{¶ 5} Appellant, proceeding pro se, filed an untimely notice of appeal on April 23, 2019. Contemporaneous with the notice of appeal, appellant filed a motion with the trial court for the appointment of appellate counsel. The trial court granted appellant's motion and on April 26, 2019, appellant's newly appointed counsel filed a motion for leave to file a delayed appeal. We granted appellant's motion on May 17, 2019. Appellant then filed an amended notice of appeal on May 28, 2019. Appellant asserts the following assignment of error for our review:

> Appellant's judicial sanction was increased after sentencing by the
>
> trial court in violation of R.C. 2953.08(G)(2), by plain error, or in violation
>
> of the double jeopardy clause of the fifth amendment to the U.S.
>
> Constitution.

## II. Law and Analysis

{¶ 6} Appellant's entire argument on appeal is based on his contention that the trial court permitted the Ohio Department of Rehabilitation and Corrections ("ODRC") to alter his sentence after final judgment. Specifically, he alleges the date for his release from prison as determined by ODRC is not consistent with the sentence imposed by the trial court. In support of his argument, appellant attached to his brief a document identified as "Exhibit A" and represented to be a printout from the ODRC website reflecting his stated prison term as "1 year and 10 months." The document does appear to show a prison term exceeding the aggregate prison term the trial court imposed on appellant for his conviction for breaking and entering and the sanction for his violation of

3.

postrelease control—10 months and 106 days, respectively. However, appellant fails to identify any portion of the record which suggests the trial court committed, or permitted, an error in calculating his release date.

{¶ 7} Moreover, we note that Exhibit A to appellant's brief is not part of the trial court's record. Appellant first introduced this document on appeal as evidence of the trial court's purported error. "[A] reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court[.]" *State v. Ishmail*, 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978). Therefore, "it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." *Id.* at 405-406. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Wallace*, 6th Dist. Wood No. WD-11-031, 2012-Ohio-2675, ¶ 15, citing *Ishmail* at syllabus. Since the printout from the ODRC's website was not part of the proceedings in the trial court, it can neither be added to the record for our review nor serve as the basis for our reversal of the trial court's judgment.

{¶ 8} Having determined appellant's Exhibit A is not part of the record and not subject to our review, we find that the remainder of appellant's brief fails to assign any cognizable error or reference any portion of the trial court record to show how the trial court committed reversible error. App.R. 16(A)(3) requires appellants to include in their briefs "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 12(A)(2) states "[t]he court

4.

may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 9} Appellant's assignment of error alleges the trial court permitted an improper increase of his sentence after final judgment was entered. Appellant fails to demonstrate, however, that he raised this release date calculation error with the trial court. Moreover, he fails to demonstrate exactly how the trial court is responsible for this miscalculation. The record is devoid of any evidence the trial court had an opportunity to rule upon his contention regarding his release date. Further, appellant concedes that the trial court's judgment in imposing sentence was valid and noted he had no objection to his sentence. It is entirely unclear, then, what error appellant alleges the trial court committed when he agrees that the sentence imposed was valid.

{¶ 10} Ohio Adm.Code 5120-2-03 et seq. establishes the procedure by which ODRC determines an imprisoned offender's release date. When an offender serving a properly imposed prison term believes ODRC has miscalculated their release date, the recalculation of that date is accomplished through a declaratory judgment action. *See Hinton v. Ohio Bureau of Sentence Computation*, 2018-Ohio-237, 105 N.E.3d 457 (10th Dist.); *State ex rel. Earl v. Shafer,* 85 Ohio St.3d 370, 708 N.E.2d 714 (1999); *Nicholson v. North Central Correctional Institution,* 3d Dist. No. 9-02-44, 2003-Ohio-303. In that instance, the offender is not challenging the underlying judgment of the trial court but is instead mounting a collateral civil attack against ODRC's application of Ohio Adm.Code

5.

5120-2-03 et seq. *Hinton* at ¶ 10-11. Here, appellant seeks to obtain recalculation of his release date through direct appeal of the trial court's judgment rather than by initiating a declaratory judgment action. By foregoing the proper vehicle for the remedy he seeks, appellant has failed to identify any error committed by the trial court which would permit our review of his claimed error pursuant to App.R. 12.

{¶ 11} Put simply, appellant believes his release date has been incorrectly calculated by ODRC, but he makes no reference to the record, as required by App.R. 16(A)(3), indicating how the trial court made or permitted that miscalculation. Therefore, we summarily overrule his assignment of error pursuant to App.R. 12(A)(2) and affirm the judgment of the trial court. *See Mtge. Electronic Registration Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, ¶ 22 (4th Dist.).

### III. Conclusion

{¶ 12} Appellant's assignment of error is overruled. We therefore affirm the March 14, 2019 judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Mark L. Pietrykowski, J.      _____
                JUDGE

Arlene Singer, J.

                _____
Gene A. Zmuda, P.J.         JUDGE
CONCUR.

                _____
                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.