[Cite as *Ballard v. Forshey*, 2021-Ohio-2855.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

DONALD BALLARD,

Petitioner,

v.

JAY FORSHEY, IN HIS OFFICIAL CAPACITY AS WARDEN OF NOBLE CORRECTIONAL INSTITUTION,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 20 NO 0478

---

Writ of Habeas Corpus

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Dismissed.

*Atty. Christopher M. Kelley,* 55 Public Square, Suite 2100, Cleveland, Ohio 44113, for Petitioner and

*Atty. Maura O'Neill Jaite,* Ohio Attorney General's Office, Criminal Justice Section, 16th Floor, 150 East Gay Street, Columbus, Ohio 43215.

Dated: August 13, 2021

**PER CURIAM.**

{¶1}   Petitioner Donald Ballard has filed a petition for a writ of habeas corpus seeking immediate release from the Noble Correctional Institution.   The petition names as respondent the facility's warden, Jay Forshey.  Respondent has filed a Civ.R. 12(B)(6) motion to dismiss, pointing out that Petitioner was released from incarceration shortly after filing this action.  Accordingly, the Court dismisses the petition.

{¶2}   Petitioner was indicted on one count of breaking and entering in violation of R.C. 2911.13 (A) and (C) (fifth-degree felony) in December 2018.  He pleaded not guilty at his January 2019 arraignment.  The trial court set his bond at $10,000, appointed him trial counsel based on his affidavit of indigency, and remanded him to the custody of the Lucas County Sheriff's Department.

{¶3}   In February, Petitioner appeared before the trial court for a change of plea hearing.  He withdrew his not guilty plea and entered a plea of no contest. The trial court found appellant guilty and ordered him to participate in the preparation of a presentence investigation report.

{¶4}   At his March sentencing, the trial court imposed a prison term of 10 months for the breaking and entering conviction.  The trial court also determined that Petitioner was on postrelease control when he committed the breaking and entering offense.  The trial court, therefore, imposed an additional prison term of 106 days as a sanction under R.C. 2929.141 for Petitioner's commission of a felony while on postrelease control.  Under R.C. 2929.141(A)(1), Petitioner's conviction for breaking and entering was ordered to run consecutive to the postrelease control sanction by law.

{¶5}   Petitioner pursued a delayed, direct appeal to the Sixth District Court of Appeals. *State v. Ballard*, 6th Dist. Lucas No. L-19-1089, 2020-Ohio-2967.  His only argument was that the date for his release from prison as determined by Ohio Department of Rehabilitation and Corrections (ODRC) contradicted the sentence imposed by the trial court.  He attached a printout from the ODRC website reflecting his stated prison term as 1 year and 10 months rather than the 10 months and 106 days as imposed by the trial court.   Because the alleged error occurred post-judgment and the printout was not

Case No. 20 NO 0478

properly part of the record in a direct appeal, the Sixth District had no choice but to affirm but did explain that declaratory judgment was the proper legal remedy.

{¶6} It is unclear if he pursued that remedy, but he did file this original action in habeas corpus. Of particular relevance in habeas corpus case law is if a petitioner is released subsequent to filing the action, their claim is rendered moot. *State ex rel. Hawkins v. Haas*, 141 Ohio St.3d 98, 2014-Ohio-5196, 21 N.E.3d 1060, ¶ 4. Here, Petitioner was released from prison three days after filing the petition.

{¶7} Therefore, the Court sustains Respondent's motion to dismiss and dismisses this original action for a writ of habeas corpus as moot.

{¶8} Final order. Clerk to service notice as provided by the Rules of Civil Procedure. Costs waived.

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**