[Cite as *State v. Woods*, 2022-Ohio-2295.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Marcus Woods

Appellant

Court of Appeals No.  L-21-1166
L-21-1167

Trial Court No.  CR0201102209
CR0202101683

**DECISION AND JUDGMENT**

Decided:  June 30, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} In this consolidated appeal, appellant, Marcus Woods, appeals the

September 8, 2021 judgment of the Lucas County Court of Common Pleas finding him

guilty of attempted trespass in a habitation and imposing a prison term for his commission of a felony while serving a term of postrelease control for a prior conviction. Because appellant alleges an error which is not part of the record before us, we overrule appellant's assignment of error and affirm the judgment of the trial court. We remand the matter to the trial court for a *nunc pro tunc* order correcting an error in the judgment entry.

## A. Facts and Procedural Background

{¶ 2} On May 17, 2021, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a first degree felony. The charges arose from appellant's attempt to enter an inhabited residence through a closed window screen on the night of January 6, 2021. At his May 20, 2021 arraignment, appellant was determined to be indigent, was appointed counsel, and entered a not guilty plea.

{¶ 3} Following negotiations with the state, appellant appeared for an August 17, 2021 change of plea hearing. At that time, the state asked the court to accept appellant's no contest plea to the lesser included offense of attempted trespass in a habitation in violation of R.C. 2923.02 and 2911.12(B) and (E), a fifth degree felony. The trial court agreed and appellant entered his no contest plea. The trial court then found appellant guilty and ordered him to participate in the preparation of a presentence investigation report.

2.

**{¶ 4}** Appellant appeared for sentencing on September 8, 2021. The presentence investigation report showed that at the time appellant committed the attempted trespass offense he was serving a term of postrelease control from a previous burglary conviction in 2011. The postrelease control was imposed in Lucas County Court of Common Pleas case No. 2011CR2209. The report, prepared September 1, 2021, indicated that appellant had 459 days remaining on postrelease control. Appellant argued that the presentence investigation report was inaccurate. Specifically, he alleged that the report inaccurately stated the amount of time remaining on his postrelease control. He argued that the postrelease control term began running upon his release from prison on September 8, 2018. Therefore, since the attempted trespass occurred on January 6, 2021, the time remaining was less than a year rather than the 459 days identified in the report. The trial court stated that the amount of time remaining had been confirmed by the Adult Parole Authority ("APA") and proceeded with the sentencing.

**{¶ 5}** The trial court imposed a prison term of 11 months on appellant's attempted trespass charge. Pursuant to R.C. 2929.141, the trial court imposed an additional prison term of 452 days as a sanction for committing a felony while on postrelease control.[1] Pursuant to R.C. 2929.141(A)(1), appellant's sentence for the attempted trespass conviction was ordered to run consecutive to the postrelease control sanction by

---

[1] The trial court gave appellant credit towards service of his postrelease control for the seven days that elapsed between the September 1, 2021 preparation of the report and the September 8, 2021 sentencing, reducing the total prison term imposed for the postrelease control violation to 452 days.

3.

operation of law.  The trial court memorialized appellant's sentence for the attempted trespass conviction in its September 8, 2021 judgment entry in Lucas County Court of Common Pleas case No. 2021CR1683.  Rather than incorporate the sentence for committing a felony while on postrelease control in that entry, the trial court executed a separate judgment entry in Lucas County Court of Common Pleas case No. 2011CR2209, the case in which the postrelease control was originally imposed.

### B.  Assignment of Error

{¶ 6} Appellant timely appealed the trial court's orders and asserts the following error for our review:

> The trial court committed plain error when it sentenced appellant to eleven months for the instant offense, plus 452 days for a [post-release control] sanction which was arguably incorrectly computed.

### II.  Law and Analysis

{¶ 7} Appellant's conduct underlying his attempted trespass conviction occurred while he was serving a term of postrelease control for a prior felony conviction.  R.C. 2929.141 states, in relevant part:

> (A) Upon the conviction of or plea of guilty to a felony by a person on postrelease control at the time of the commission of the felony, the court may terminate the term of postrelease control, and the court may do either of the following regardless of whether the sentencing court or another court

4.

of this state imposed the original prison term for which the person is on postrelease control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 8} The amount of time remaining on an offender's term of postrelease control is not determined by the trial court at sentencing. Instead, the Ohio Department of Corrections, through the APA, is tasked with determining the amount of time remaining on the postrelease control term. R.C. 2967.28; Ohio Adm. Code 5120:1-1-41. That amount is reported to the trial court through the presentence investigation report. R.C. 2951.03. That amount is then imposed as a prison term upon an offender's conviction for a felony while serving the original postrelease control. R.C. 2929.141.

5.

{¶ 9} In accordance with the statute, the trial court ordered appellant to serve a 452-day prison term—the time remaining on his postrelease control—consecutive to the prison term imposed on the attempted trespass conviction. Appellant does not challenge the imposition of a prison term equaling the residual balance of his postrelease control. Instead, appellant argues that the time remaining on his postrelease control was incorrectly calculated. This, in turn, resulted in the imposition of a prison term which exceeded the amount authorized by R.C. 2929.141. For the following reasons, we overrule appellant's argument pursuant to App.R. 12(A)(2).

{¶ 10} Initially, we note that both appellant and the state attached documents to their briefs which were not part of the record below. Appellant attached judgment entries from two of his previous felony convictions and a parole violation report from the Michigan Department of Corrections. Appellant argues that these documents support his argument regarding the improper calculation of the remaining time on his postrelease control. The state, in turn, seeks to confirm the accuracy of the presentencing investigation report by attaching emails exchanged between two officials from the Ohio Department of Corrections.

{¶ 11} Neither the documents attached to appellant's brief nor the emails attached to the state's brief—notably, exchanged more than two months after appellant was sentenced—are part of the trial court's record. "[A] reviewing court can only reverse the judgment of the trial court if it finds error in the proceedings of such court[.]" *State v.*

6.

*Ballard,* 6th Dist. Lucas No. L-19-1089, 2020-Ohio-2967, ¶ 6, citing *State v. Ishmail,* 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978). Therefore, "it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." *Id.* at 405-406. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Wallace*, 6th Dist. Wood No. WD-11-031, 2012-Ohio-2675, ¶ 15, citing *Ishmail* at syllabus. Since the attachments to the parties' briefs were not part of the proceedings in the trial court, they cannot be added to the record for our review or serve as the basis for our affirming or reversal of the trial court's judgment.

{¶ 12} Having determined the parties' attachments are not part of the record and not subject to our review, we find that the remainder of appellant's brief fails to assign any cognizable error or reference any portion of the trial court record to show how it committed reversible error. App.R. 16(A)(3) requires appellants to include in their briefs "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 12(A)(2) states "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

7.

{¶ 13} Appellant argues that the "information" available to the APA shows that he was previously released from prison on September 8, 2018. Further, he argues that since a term of postrelease control begins to run on the day following an offender's release, pursuant to R.C. 2967.28, that his three-year postrelease control period would have ended on September 9, 2021. Using that completion date, appellant argues that he only had 270 days left to serve on his postrelease control term, not the 459 days identified in the presentence investigation report. This conclusion is not supported by the record.

{¶ 14} The presentence investigation report does reflect appellant's release from prison on September 8, 2018. Further, it is undisputed that a period of postrelease control begins the day after an offender is release from prison. R.C. 2967.28. However, the report indicates that appellant's postrelease control for the prior offense does not end until December 4, 2022, that is, 459 days from the date the report was prepared. The amount of time remaining on postrelease control is determined by the APA. R.C. 2967.28; Ohio Adm. Code 5120:1-1-41. The APA is also responsible for any modifications to the duration of the postrelease control term, any additional sanctions to be imposed, or the tolling of time served due to the offender's absconding from the authority's supervision while the offender is under its supervision. R.C. 2967.15; R.C. 2967.28. Any of these factors could have resulted in an extension of appellant's postrelease control period to a date more than three years after his release from prison. Appellant does not identify any portion of the record showing that the APA's calculation

8.

of time was erroneous other than citing a static, three-year calculation from his September 8, 2018 release from prison.

{¶ 15} Put simply, calculating the duration of an offender's term of postrelease control is the responsibility of the APA, not the trial court. The trial court merely imposed a prison term in the amount of 452 days based on the APA's calculation of the end date of appellant's postrelease control, which is clearly reflected in the record. Therefore, appellant's claim that additional "information" was available to the APA which should have resulted in a different amount of days remaining would not constitute an error in the proceedings below but in the APA's calculation of the remaining term.

{¶ 16} As an additional basis for our decision, when a sentence is challenged based on application of Ohio Department of Corrections guidelines, the appropriate procedural vehicle to correct the alleged error is a declaratory judgment action. *See Hinton v. Ohio Bureau of Sentence Computation*, 2018-Ohio-237, 105 N.E.3d 457 (10th Dist.); *State ex rel. Earl v. Shafer,* 85 Ohio St.3d 370, 708 N.E.2d 714 (1999); *Nicholson v. North Central Correctional Institution,* 3d Dist. No. 9-02-44, 2003-Ohio-303. In that instance, the offender is not challenging the underlying judgment of the trial court but is instead mounting a collateral civil attack against the application of the relevant regulations. *Hinton* at ¶ 10-11. Appellant did not challenge the APA's calculation of his postrelease control term through a declaratory judgment action and cannot do so in this appeal. This, coupled with his reliance only on additional "information" available to the

9.

APA but not part of the record, shows that appellant has not identified any error committed by the trial court which would permit our review of his claimed error pursuant to App.R. 12.

{¶ 17} In sum, appellant's alleged error was the result of a determination made by the APA and not the trial court. As a result, he has not identified any error committed by the trial court which is subject to our review. Therefore, we overrule his assignment of error pursuant to App.R. 12(A)(2) and affirm the judgment of the trial court. *See Mtge Electronic Registration Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, ¶ 22 (4th Dist.).

{¶ 18} Notwithstanding that conclusion, we find that the trial court committed error when it memorialized appellant's sentence in two separate judgment entries. R.C. 2929.141 states that "[u]pon the conviction of or plea of guilty by a person on post-release control at the time of the commission of the felony, the court may * * * *regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control* * * * terminate the term of post-release control and * * * impose a prison term for the post-release control violation." (emphasis added). The statute, then, authorizes the trial court sentencing an offender to impose a prison term for both the felony committed while on postrelease control and for the violation of their postrelease control by committing a felony. *Flora v. State of Ohio,* 7th Dist. No. 04 BE 51, 2005-Ohio-2383, ¶ 16. The sentence imposed

10.

under R.C. 2929.141 is part of the sentencing in the underlying felony case. *Id.* (holding that R.C. 2929.141 authorizes the sentencing court to also impose the additional sanction for committing a felony while on postrelease control as part of the same proceedings despite not having imposed the original postrelease control term). This comports with well-established authority that "[a]s a general matter, *only one document* can constitute a final appealable order." *State v. Thompson,* 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096 (emphasis added).

{¶ 19} Here, the trial court did not err in imposing the postrelease control prison term at appellant's sentencing hearing. It is merely the trial court's execution of separate judgment entries, apparently because the trial court had been assigned both the 2011 and 2021 cases, which constitutes error. In other words, the trial court correctly memorialized appellant's sentence for the underlying felony in case No. 2021CR1683, but that judgment entry does not include the trial court's proper imposition of the additional 452-day prison term pursuant to R.C. 2929.141.

{¶ 20} When a judgment entry fails to record a valid judgment imposed on the record by the court, the proper remedy is the issuance of a *nunc pro tunc* order correcting the error. *See In re. Doe,* 149 Ohio App.3d 717, 2002-Ohio-4470, 778 N.E.2d 1053, ¶ 61 ("*Nunc pro tunc* orders are employed to make the record speak the truth, and the function of such entries is the correction of judgments rendered to the extent that they fail to record or improperly record, the judgment rendered by the court."). Therefore, we

11.

remand this matter to the trial court so that it may enter a single judgment entry in Lucas County Court of Common Pleas case No. 2021CR1683 reflecting both the prison term imposed for appellant's conviction for attempted trespass and the imposition of a prison term pursuant to R.C. 2929.141.  The trial court's judgment is otherwise affirmed.

### III.  Conclusion

{¶ 21} Appellant's assignment of error is overruled.  We remand this matter to the trial court for the sole purpose of entering a *nunc pro tunc* order as described herein. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____

                                      JUDGE

Christine E. Mayle, J.


Gene A. Zmuda, J.           _____

CONCUR.                                JUDGE


                                _____

                                      JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

---