[Cite as *State ex rel. Parker v. Russo*, 2024-Ohio-1373.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL., VINCENT
ALAN PARKER,                               :

      Relator,                            :

      v.                                  :

JUDGE NANCY M. RUSSO,                       :

      Respondent.                         :

No. 113774

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**DATED:** April 10, 2024

---

Writs of Prohibition and Mandamus
Order No. 573319

---

### *Appearances:*

Vincent Alan Parker, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Relator, Vincent Alan Parker, seeks writs of prohibition and mandamus against respondent, Judge Nancy M. Russo, based on 16 claims relating to respondent's jurisdiction or the validity of relator's conviction in an underlying criminal case. Relator has failed to comply with the mandatory requirements of R.C. 2969.25(C). Therefore, the complaint is sua sponte dismissed.

## I.    Factual and Procedural History

{¶ 2}    Relator filed the instant complaint on March 29, 2024.  There, he alleged that numerous grounds existed to vacate his conviction in *State v. Parker*, Cuyahoga C.P. No. CR-95-320034.[1]  Relator claimed his conviction must be vacated because, among other reasons, respondent lacked jurisdiction to accept his guilty plea and to impose sentence, and his sentencing entry is void.  The majority of relator's claims for relief stem from his assertion that his plea was void because the respondent, at a change-of-plea hearing, informed relator that he could appeal the denial of his motion to dismiss the indictment based on a violation of his right to a speedy trial.  He alleged that, unbeknownst to him at the time, the guilty plea waived the right to appeal that issue.[2]  Consistent with R.C. 2969.25, Parker filed an affidavit of prior civil actions along with his complaint.  However, the complaint failed to include affidavits of indigency and waiver, and Parker did not pay the filing fee that was required with the filing of his complaint.

---

[1] Relator was originally convicted in 1995, but his convictions were vacated in a delayed appeal. *State v. Parker*, 8th Dist. Cuyahoga No. 76395, 2001 Ohio App. LEXIS 654 (Feb. 22, 2001).  On remand, relator pled guilty to a single count of murder.  Relator has attempted numerous times to vacate his sentence and/or guilty plea, including by way of appeal, various postconviction motions, a civil declaratory judgment action, and original actions.

[2] Relator makes this argument despite the fact that a panel of this court addressed his speedy trial argument on the merits in his appeal from this conviction. *State v. Parker*, 8th Dist. Cuyahoga No. 82687, 2004-Ohio-2976, ¶ 10-21.

## II. Law and Analysis

{¶ 3} The sua sponte dismissal of a complaint without notice in an original action is reserved for those cases where the complaint is frivolous or the claimant obviously cannot prevail on the facts as alleged. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7. Such a dismissal is appropriate in cases where the complaint fails to strictly comply with a requirement of R.C. 2969.25, when applicable. "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998).

{¶ 4} R.C. 2969.25 requires an inmate initiating a civil action against a government agency or employee who wishes to waive the prepayment of the filing fee to file an affidavit of indigency and affidavit of waiver. This must include a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier"; and "[a] statement that sets forth all other cash and things of value owned by the inmate at that time." R.C. 2969.25(C)(1)-(2). Further, strict compliance is required and the failure to comply may not be cured at a later time. *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, 150 N.E.3d 905, ¶ 7-8.

**{¶ 5}** From the face of relator's complaint, it is clear that he is an inmate in a state correctional institution. Relator listed his address as the Richland Correctional Institution in Mansfield, Ohio, and he averred that he is an incarcerated prisoner housed there. Relator also did not pay the filing fee when he filed his complaint. Therefore, he must comply with R.C. 2969.25(C) or his complaint is subject to dismissal. *State ex rel. Powe v. Lanzinger*, 156 Ohio St.3d 358, 2019-Ohio-954, 126 N.E.3d 1127, ¶ 5, citing *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5.

**{¶ 6}** Relator's complaint did not include any affidavits of indigency or statement of his inmate account. "Noncompliance with these requirements is a proper basis for dismissal of the action." *State ex rel. Townsend v. Gaul*, Slip Opinion No. 2024-Ohio-1128, ¶ 7, citing *State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761, ¶ 6. In *Townsend*, the Supreme Court of Ohio recently reiterated that the requirements of R.C. 2969.25 are mandatory. *Id.* at ¶ 8. The failure to strictly comply with this statute means that relator cannot prevail, and this action is subject to sua sponte dismissal. *Roden* at ¶ 8, collecting cases.

**{¶ 7}** Relator's complaint for writs of prohibition and mandamus is sua sponte dismissed for his failure to comply with R.C. 2969.25(C). Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 8}** Complaint dismissed.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR