**[Cite as *State v. Thompson*, 2025-Ohio-4499.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                      Court of Appeals No.  F-24-009

    Appellee                                   Trial Court No.  CRB 24 068

v.

Mary-Elizabeth V. Thompson                         **DECISION AND JUDGMENT**

    Appellant                                  Decided: September 26, 2025

* * * * *

Anthony J. Richardson, II, and Aleia B. Brown, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Mary-Elizabeth Thompson, appeals the October 31, 2024 judgment of the Fulton County Municipal Court, Eastern Division, finding her in violation of the conditions of her previously-imposed term of community control and sentencing her to 30 days in jail.  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} Appellant was the owner of a dog that had previously been designated a "dangerous dog" pursuant to R.C. 955.22. On May 26, 2024, appellant was charged with one count of failing to confine her dangerous dog in violation of R.C. 955.22(D)(1) and (2), a third-degree misdemeanor. Appellant appeared for an initial hearing on June 13, 2024, without counsel, and entered a guilty plea to the charged offense.

{¶ 3} Appellant appeared for sentencing, again without counsel, on August 1, 2024. At that time, the trial court ordered appellant to serve a 90-day term on community control. As a condition of her community control, the trial court ordered appellant to have her dangerous dog euthanized, or to surrender the dog to the county dog warden to be euthanized, and to file proof thereof, within 7 days. The trial court reserved a 30-day jail term to be imposed if appellant failed to satisfy this condition. On August 6, 2024, a letter and email from two non-party witnesses were filed with the trial court stating that the dog had been taken to Arkansas and asking the trial court to reconsider its order that the dog be euthanized.[1]

{¶ 4} On August 8, 2024, the trial court ordered appellant to appear for a "community control revocation hearing" for failing to have the dog euthanized. Appellant then obtained counsel who filed a post-sentence motion to withdraw her guilty plea on August 29, 2024. The trial court denied appellant's motion on October 10, 2024.

---

[1] The record does not indicate who filed the letter and email.

2.

{¶ 5} The hearing on appellant's community control violation ultimately occurred on October 31, 2024. Prior to the hearing, the trial court noted that appellant had not filed any proof that the dangerous dog had been euthanized. Further, the Fulton County Dog Warden, Brian Banister, testified that appellant had not surrendered the dog to him to be euthanized. Based on the lack of proof in the record showing that the dog had been euthanized and Mr. Banister's testimony, the trial court determined that appellant had violated the condition of her community control. For the violation, the trial court ordered appellant to serve 30 days in jail, beginning on December 23, 2024 to allow her to finish college coursework in which she was enrolled.

## B. Assignment of Error

{¶ 6} Appellant timely appealed the trial court's judgment and asserts the following errors for our review:

1. The trial court mischaracterized appellant's punishment and did not comply with notice requirements.

2. The trial court failed to consider that appellant could not comply with the order to kill her dog in the time ordered.

## II. Law and Analysis

{¶ 7} In each of her assignments of error, appellant argues that the trial court erred in imposing sentence on her community control violation because it did not follow the process required for contempt proceedings pursuant to R.C. Ch. 2705. Specifically, appellant argues that the trial court did not provide her with notice of the charge constituting contempt as required by R.C. 2705.03, and did not allow her an opportunity to purge her contempt finding by complying with the trial court's order. We reject each

3.

of appellant's assigned errors as the record plainly shows that she was not subject to contempt proceedings but was found to be in violation of the condition of the community control term the trial court imposed on August 1, 2024.

{¶ 8} App.R. 16(A)(3) requires appellants to include in their briefs "[a] statement of the assignments of error presented for review, *with reference to the place in the record where each error is reflected.*" (Emphasis added). App.R. 12(A)(2) states "[t]he court may disregard an assignment of error presented for review if the party raising it fails to *identify in the record the error on which the assignment of error is based* or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." (Emphasis added). *See also State v. Woods,* 2022-Ohio-2295 (6th Dist.) (holding that errors assigned to conduct unrelated to proceedings in the record below should be disregarded). Appellant's argument that the trial court erred in failing to follow the required process to find appellant in contempt of court is entirely inapplicable to the underlying community control violation proceedings. Put simply, appellant did not and cannot reference any place in the record where an error in contempt proceedings occurred because the trial court did not hold her in contempt. As a result, appellant has not identified any error in the record that is subject to our review and we find her assignments of error not well-taken.

### III. Conclusion

{¶ 9} For these reasons, we disregard appellant's first and second assignments of error pursuant to App.R. 12(A)(2), find them not well-taken, and affirm the October 31, 2024 judgment of the Fulton County Municipal Court, Eastern Division.

4.

**{¶ 10}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.