[Cite as *State v. Johnson*, 2019-Ohio-632.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107126

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MARVIN F. JOHNSON, SR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594187-B

**BEFORE:** Boyle, J., Kilbane, A.J., and Headen, J.

**RELEASED AND JOURNALIZED:** February 21, 2019

**FOR APPELLANT**

Marvin F. Johnson, Sr., pro se
Inmate No. A694191
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Patrick J. Lavelle
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, J.:

{¶1}    Defendant-appellant, Marvin Johnson, appeals from a judgment reinstating his original sentence of six years in prison.   Johnson raises four assignments of error for our review:

> 1. Appellant's plea of no contest was not entered knowing, intelligent, and voluntary due to (a) breach of plea bargain, (b) judicial participation in the plea discussion and process, (c) denial of the effective assistance of trial counsels.
>
> 2. The trial court erred when it imposed a six-year prison sentence on the appellant that was based on vindictiveness.
>
> 3. The trial court abused its discretion by denying as moot, appellant's motion to withdraw "no contest" plea: to correct manifest injustice pursuant to Crim.R. 32.1.
>
> 4. The trial court abused its discretion by denying the appellant jail-time credit for 61 days spent on electronic monitored house arrest.

**{¶2}** We find merit to Johnson's third assignment of error because the trial court never considered his motion to withdraw his plea. We otherwise affirm the trial court's judgment but remand for the trial court to consider Johnson's motion to withdraw his plea.

## I. Background and Procedural History

**{¶3}** In March 2015, Johnson was indicted on three counts, including drug trafficking in violation of R.C. 2925.03, drug possession in violation of R.C. 2925.11, and possession of criminal tools in violation of R.C. 2923.24. Each count carried forfeiture specifications. Johnson filed a motion to suppress evidence, which the trial court denied in December 2015.

**{¶4}** Johnson pleaded no contest to the indictment after the trial court denied his motion to suppress. The trial court found that drug trafficking and possession were allied offenses of similar import. The state elected to proceed with drug trafficking. The trial court sentenced Johnson to six years in prison for trafficking and six months in prison for possessing criminal tools and ordered that they be served concurrently, for an aggregate six years in prison. The trial court also notified Johnson that he would be subject to a mandatory period of five years of postrelease control upon his release from prison.

**{¶5}** The trial court then deferred execution of the sentence and placed Johnson on supervised release and electronic home detention so that Johnson could undergo a heart procedure on July 22, 2016. The trial court directed Johnson to report to jail on August 1, 2016. The trial court warned Johnson that if he failed to show up, it would vacate his six-year sentence and impose a longer one.

**{¶6}** Johnson did not report on August 1, 2016. The trial court resentenced Johnson on February 13, 2017, to eight years in prison.

**{¶7}** Johnson appealed, raising several assignments of error. *See State v. Johnson*, 8th Dist. Cuyahoga No. 105560, 2018-Ohio-169. This court affirmed his convictions but reversed his eight-year sentence. *Id*. at ¶ 48. We held that the trial court lacked authority to resentence Johnson in February 2017, and that the "original sentence [was] still in effect." *Id*. at ¶ 46. We "remanded the case for the limited purpose of executing the original sentence." *Id*. at ¶ 48.

**{¶8}** On March 29, 2018, the trial court held a hearing with the state, Johnson, and his counsel present. The trial court indicated that per the Eighth District's remand instruction, it had no discretion but to reinstate Johnson's original six-year prison sentence. It is from this judgment that Johnson now appeals.

## II. No Contest Plea

**{¶9}** In his first assignment of error, Johnson argues that his no contest plea was not entered knowingly, intelligently, or voluntarily. The doctrine of res judicata, however, bars us from considering this argument.

**{¶10}** "'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on appeal from that judgment.'" *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *see also State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28.

**{¶11}** Johnson could have raised the argument regarding his no contest plea in his direct appeal, but he did not. Therefore, we will not address it now.

**{¶12}** Accordingly, Johnson's first assignment of error is overruled.

### III. Six-Year Sentence

{¶13} In his second assignment of error, Johnson argues that the trial court erred when it imposed a sentence of six years in prison because it was based on vindictiveness.

{¶14} Johnson's argument that the trial court was vindictive is also barred by res judicata. In his first appeal, before we found that the trial court did not have the authority to vacate Johnson's original six-year sentence, we addressed Johnson's separate argument that his eight-year sentence was not supported by the record. We summarized Johnson's arguments as follows:

> Specifically, Johnson offers that the trial court did not consider that: (1) none of the seriousness factors listed under R.C. 2929.12(B) apply; (2) Johnson did not intend or expect to cause physical harm to person or property under R.C. 2929.12(C)(3); (3) his conduct was mitigated due to documented heart disease, high blood pressure, and kidney problems impacting his ability to work; and (4) Johnson's last felony conviction was in 2001, 15 years earlier and he expressed sincere remorse at sentencing (R.C. 2929.12(E)(3) and (5)). Finally, Johnson argues that the serious nature of his medical condition made the offense less likely to recur (R.C. 2929.12(E)(4)).

*Johnson*, 8th Dist. Cuyahoga No. 105560, 2018-Ohio-169, at ¶ 35.

{¶15} We found no merit to his arguments and overruled his assigned error. *Id*. at ¶ 39. Because we previously found that Johnson's sentence was supported by the record, Johnson cannot now argue that the trial court was vindictive when it sentenced him. He should have raised the issue of vindictiveness in his first appeal, when the trial court unlawfully vacated his six-year sentence and increased his aggregate sentence by two years. Because he did not do so, the doctrine of res judicata bars this argument now.

{¶16} Moreover, the trial court was simply following our limited remand instructions when it reinstated Johnson's original six-year sentence. There was nothing vindictive about it.

{¶17} Johnson's second assignment of error is overruled.

**IV. Motion to Withdraw Plea**

{¶18} In his third assignment of error, Johnson argues that the trial court erred when it denied his motion to withdraw his no contest plea as moot.

{¶19} At the outset, we note that although the trial court stated in Johnson's sentencing entry, "All motions not specifically ruled on prior to the filing of this judgment entry are denied as moot," the transcript of the March 29, 2018 hearing establishes that the trial court had not yet seen Johnson's motion to withdraw his no contest plea. Johnson told the trial court that the motion "left prison on the 21st of this month." The trial court replied that Johnson's motion "does not appear on our docket as of this morning." The state indicated that it had not seen the motion yet either. The trial court told Johnson that it would consider the motion when he filed it. The docket, however, indicates that Johnson's motion was filed the day before the hearing — on March 28, 2018.

{¶20} Thus, it is clear that the trial court never considered Johnson's motion to withdraw his plea. This court will not consider Johnson's arguments for the first time on appeal. *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

{¶21} The state argues that the trial court did not need to consider Johnson's motion to withdraw his plea because he was represented by counsel at the time of the March 29, 2018 hearing. We disagree with the state. When Johnson filed his motion, he was pro se. But the court appointed counsel to represent Johnson at the March 29 hearing. After the hearing, Johnson was no longer represented by counsel. In the interest of justice, we do not agree with the state that the trial court did not have to consider Johnson's pro se motion to withdraw his guilty plea.

**{¶22}** We therefore sustain Johnson's third assignment of error for the trial court to consider Johnson's motion to withdraw his no contest plea filed on March 28, 2018.

## V. Jail-Time Credit

**{¶23}** In his fourth assignment of error, Johnson contends that the trial court erred when it did not give him credit for the days he was under house arrest. Johnson was under house arrest between the time of his original sentencing and the time he reported to jail so that he could have a heart procedure. Again, Johnson could have raised this claim in his direct appeal. Because he did not, we are barred by res judicata from addressing it.

**{¶24}** The trial court informed Johnson at the March 29, 2018 hearing upon remand that he could file a motion for jail-time credit if he believed that he was not given the correct amount of credit.[1]

**{¶25}** Accordingly, Johnson's fourth assignment of error is overruled.

**{¶26}** Judgment affirmed. Case remanded for the trial court to consider Johnson's motion to withdraw his no contest plea.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1]The Cuyahoga County Common Pleas Court docket indicates that Johnson filed a motion for jail-time credit after filing a notice of appeal in this case. The trial court granted his motion on June 27, 2018. Subsequent to that judgment, Johnson moved the court to grant him additional jail-time credit, which the court denied.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
RAYMOND C. HEADEN, J., CONCUR