[Cite as *State v. Johnson*, 2020-Ohio-3892.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                     No. 108937

    v.                           :

MARVIN F. JOHNSON, SR.,                 :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-594187-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Patrick Lavelle, Assistant Prosecuting
Attorney, *for appellee.*

Marvin F. Johnson, Sr., *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Marvin Johnson appeals from a judgment of the trial court denying his motion to withdraw his no-contest plea. After a review of the record and applicable law, we affirm the judgment of the trial court.

**Procedural Background**

{¶ 2} Johnson was indicted in March 2015 for drug trafficking, drug possession, and possession of criminal tools. Johnson filed a motion to suppress the evidence. After a hearing, the trial court denied the motion. Subsequently, Johnson pleaded no contest to the indictment.

{¶ 3} On May 26, 2016, the trial court sentenced Johnson to six years in prison for drug trafficking, after finding drug possession to be an allied offense of drug trafficking. The court also imposed a concurrent six-month prison term for possessing criminal tools. The trial court then deferred execution of the sentence and placed Johnson on supervised release and electronic home detention so that Johnson could undergo a heart procedure on July 22, 2016. The trial court directed Johnson to report to jail on August 1, 2016, and warned him that if he failed to appear, the court would vacate his six-year sentence and impose a longer one. Johnson failed to appear on August 1, 2016, and the trial court resentenced Johnson on February 13, 2017, to eight years in prison.

*Johnson I*

{¶ 4} Johnson appealed from the trial court's judgment. He argued that the trial court erred in denying his motion to suppress evidence; his eight-year prison term was not supported by the record; the trial court erred when it resentenced him to an increased prison term of eight years after initially imposing a six-year term; and that he was denied the effective assistance of counsel when his trial counsel failed to object to the increased prison term of eight years and had also failed to

object to the issuance of a capias for Johnson's failure to appear in court due to medical reasons.

{¶ 5} On appeal, this court held that the trial court lacked authority to resentence Johnson to an eight-year term in February 2017 and the original sentence was still in effect. This court remanded the case for the limited purpose of executing the original sentence. *State v. Johnson*, 8th Dist. Cuyahoga No. 105560, 2018-Ohio-169, *appeal not accepted*, 152 Ohio St.3d 1484, 2018-Ohio-1990, 98 N.E.3d 296 ("*Johnson I*"). Johnson's ineffective-assistance-of-counsel claim was found moot.

## *Johnson II*

{¶ 6} After Johnson filed the notice of appeal from the trial court's February 13, 2017 judgment, on March 24, 2017, he filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." He argued that his due process rights, the right against cruel and unusual punishment, and the right to effective assistance of counsel were violated. For the ineffective assistance of counsel claim, he alleged that he was denied effective assistance of counsel from each of his trial attorneys at various stages of the proceedings.

{¶ 7} The trial court construed his motion as a petition for postconviction relief and found that the motion was barred by res judicata because the newly raised claims could have been raised in his direct appeal and Johnson offered no evidence outside the record for the claims. On appeal, this court affirmed the trial court's judgment, finding his claims could have been raised on direct appeal because the

claims did not rely on evidence outside of the record, and therefore, they were barred by res judicata. *State v. Johnson*, 8th Dist. Cuyahoga No. 105855, 2018-Ohio-178 ("*Johnson II*").

**Johnson III**

{¶ 8} On remand from *Johnson I*, the trial court held a hearing on March 29, 2018. The trial court reinstated Johnson's original six-year prison sentence pursuant to the directive given by the court in *Johnson I.*

{¶ 9} Johnson appealed from the decision. He argued that his no-contest plea was not entered knowingly, intelligently, or voluntarily. This court found the doctrine of res judicata barred his claim because he could have raised the argument regarding his no-contest plea in his direct appeal but did not. *State v. Johnson*, 8th Dist. Cuyahoga No. 107126, 2019-Ohio-632, *appeal not accepted*, 156 Ohio St.3d 1445, 2019-Ohio-2498, 125 N.E.3d 928 ("*Johnson III*"). Johnson also argued the trial court sentenced him to six years in prison out of vindictiveness. The court found his claim that the trial court was vindictive was also barred by res judicata.

{¶ 10} A day before that hearing, on March 28, 2018, Johnson filed a motion to withdraw his no-contest plea. His motion was based on his claim that his plea was not knowing, intelligent, or voluntary because the plea was "induced by an implied statement by the Prosecutor during the plea bargaining process," the trial judge "interfered in the plea bargain discussions," and his counsel failed "to meet a valid legal standard during the plea bargaining process." The trial court denied the motion to withdraw as moot. On appeal, however, this court sustained Johnson's

assignment of error regarding the trial court's denial of his motion to withdraw on the ground that the transcript of the March 29, 2018 hearing reflected that the trial court had *not* yet seen his motion to withdraw before denying it as moot. This court therefore remanded the case for the trial court to consider his March 28, 2018 motion to withdraw his plea.

**The Instant Appeal**

{¶ 11} On remand from *Johnson III*, on August 8, 2019, the trial court held a hearing on Johnson's motion to withdraw the no-contest plea. At the hearing, Johnson stated his motion to withdraw was based on infective assistance of counsel in the plea bargain stage: more specifically, counsel filed a motion to suppress, which caused him to lose out on the opportunity of a plea bargain.

{¶ 12} The trial court noted that Johnson had already raised an ineffective-assistance-of-counsel claim in his direct appeal, Appeal No. 105660 (*Johnson I*), and he raised another ineffective-assistance-of-counsel claim in Appeal No. 105855 (*Johnson II*), which the Eighth District found to be barred by res judicata because the claim could have been raised in his direct appeal. The trial court denied his motion to withdraw on the ground of res judicata.

{¶ 13} Johnson appeals from the decision. His assignments of error state:

> The trial court abused its discretion by considering appellant's Crim.R. 32.1 motion to withdraw no contest plea as a post-sentence motion instead of a pre-sentence motion, violating his rights under the Fourteenth Amendment of the United States Constitution, and Section 10 & 16, Article I, of the Ohio Constitution.

The trial court abused its discretion by denying appellant's Crim.R. 32.1 motion to withdraw no contest plea [to correct manifest injustice], violating his rights under the Fourteenth Amendment of the United States Constitution, and Section 10 & 16, Article I, of the Ohio Constitution.

{¶ 14} For ease of discussion, we address the two assignments together.

{¶ 15} Johnson argues his motion to withdraw should be treated as a presentence motion to withdraw and considered under a more liberal standard. Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In contrast, a presentence motion to withdraw a guilty plea, generally, should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 16} We agree with the state, however, that Johnson's March 28, 2018 motion to withdraw the no-contest plea is a postsentence motion. The record reflects that the execution of Johnson's original six-year term imposed by the trial court was stayed to allow him to undergo a heart procedure. When he failed to appear on the scheduled date to begin his sentence, a capias was issued for him and the trial court increased his sentence to eight years. In *Johnson I*, this court held that the trial court lacked authority to resentence him and the original six-year term was still in effect. *Johnson I* at ¶ 46. As the original six-year term was imposed on May 26, 2016, the March 28, 2018 motion to withdraw is a postsentence motion.

{¶ 17} More importantly, *regardless of* whether the motion is considered a presentence or postsentence motion, we note that Johnson's motion to withdraw was based on a claim of ineffective assistance of counsel. This is the third occasion where Johnson raised a claim of ineffective assistance of counsel.

{¶ 18} The Supreme Court of Ohio explained the application of res judicata in criminal cases as follows:

> Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

(Emphasis sic.) *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 19} In his direct appeal (*Johnson I*), Johnson raised the ineffective-assistance-of-counsel claim in his fourth assignment of error alleging counsel provided ineffective assistance at the February 13, 2017 sentencing hearing, when the court imposed the eight-year sentence. He raised the ineffective-assistance-of-counsel claim again in his "Petition to Vacate or Set Aside Judgment of Conviction or Sentence," alleging that each of his trial attorneys provided ineffective assistance at different stages of the proceedings. In *Johnson II*, this court determined that the ineffective-assistance-of-counsel claim was barred by res judicata because he could have raised the claim in *Johnson I*. This court explained that the trial court may dismiss a petition for postconviction relief based on res judicata if it finds that the petitioner could have raised the issues on direct appeal without resorting to evidence

beyond the scope of the record. *Johnson II* at ¶ 16, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 16, citing *State v. Scudder*, 131 Ohio App.3d 470, 475, 722 N.E.2d 1054 (10th Dist.1998).

{¶ 20} Similarly, the latest ineffective assistance of counsel claim (that counsel's filing of the motion to suppress caused him to lose out on the opportunity of a plea bargain), upon which his March 28, 2018 motion to withdraw was predicated, could have been raised in his direct appeal but was not. "Res judicata generally bars a defendant from raising claims in a Crim.R.32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, Slip Opinion No. 2019-Ohio-5206, ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. *See also State v. Cobb*, 8th Dist. Cuyahoga No. 93404, 2010-Ohio-5118, ¶ 10, and *State v. Fountain*, 8th Dist. Cuyahoga Nos. 92772 and 92874, 2010-Ohio-1202, ¶ 9 ("this court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a prior proceeding, including a direct appeal"). The trial court properly concluded that Johnson's claim was barred by res judicata and denied his motion to withdraw the no-contest plea.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR