[Cite as *State ex rel. Johnson v. Foley*, 2022-Ohio-36.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. MARVIN F.
JOHNSON, SR.

     Petitioner

     v.

KEITH J. FOLEY, WARDEN

     Respondent

C.A. No.     21CA011789

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: January 10, 2022

PER CURIAM.

{¶1}    Petitioner, Marvin F. Johnson, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Foley, to release him from custody. Warden Foley has moved to dismiss or for summary judgment and Mr. Johnson has responded. For the following reasons, this Court grants the motion to dismiss.

{¶2}    When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d

389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3} According to Mr. Johnson's petition, and the attachments to the petition, he entered a no contest plea to several offenses. As is relevant to this case, the trial court sentenced Mr. Johnson to six years in prison on count one. Mr. Johnson was also scheduled for medical procedures, so the trial court permitted Mr. Johnson to report for his sentence at a later date. After Mr. Johnson failed to report, the trial court vacated the six-year sentence and imposed an eight-year sentence. On appeal, the Eighth District Court of Appeals reversed the trial court's judgment and ordered the trial court to reimpose the original sentence.

{¶4} Upon remand, the trial court held a new sentencing hearing. During that hearing, the trial court told Mr. Johnson that he was before the court so that the trial court could reimpose the original six-year sentence. After hearing from the parties, the trial court imposed sentence, but, according to the transcript of the proceedings, the trial court stated that it was imposing a six-*month* sentence on count one, not a six-*year* sentence. The trial court's new judgment of conviction, however, reflected that the trial court imposed a sentence of six years, not six months.

{¶5} Mr. Johnson attempted to appeal the trial court's judgment. The trial court eventually vacated its resentencing entry and reinstated its original sentencing entry that sentenced Mr. Johnson to six years in prison. In a subsequent appeal, the Eighth District Court of Appeals recognized that its mandate did not authorize the trial court to resentence Mr. Johnson and that its mandate in the original appeal limited the trial court to vacating

the sentencing entry with the eight-year sentence and reinstating the original judgment of conviction.

{¶6}    In his petition, Mr. Johnson has argued that the last sentence the trial court imposed in open court was for a term of six months.  He concludes, therefore, that he has served the maximum sentence and he is entitled to immediate release.  Warden Foley moved to dismiss.  He argued that habeas corpus relief is only available when the prisoner demonstrates that he is entitled to immediate release from confinement or that the trial court lacked jurisdiction to impose sentence.  Warden Foley concluded that habeas corpus is not available because Mr. Johnson has not completed his six-year sentence and because Mr. Johnson has not argued that the trial court lacked jurisdiction to impose sentence.

{¶7}    State habeas corpus relief is available in specific, extraordinary circumstances.  R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action.  The petitioner must file a petition that contains specific, required, information.  If this Court concludes that the petition states a facially valid claim, it must allow the writ.  R.C. 2725.06.  On the other hand, if the petition fails to state a claim, this Court should dismiss the petition.  *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).  For this Court to grant the writ, Mr. Johnson must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction.  *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996).  Mr. Johnson has only alleged that there is an unlawful restraint on his liberty because he has served his six-month sentence and the eight-year sentence is void.

{¶8} As noted above, to dismiss the petition, it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of the petitioner, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996).

{¶9} Mr. Johnson has argued that he has completed his six-month sentence, so he is entitled to immediate release. His petition, along with the attachments, however, demonstrate that the trial court imposed a six-year sentence, which it improperly vacated and ordered an eight-year sentence. On appeal, the Eighth District Court of Appeals recognized that the trial court erred when it vacated the six-year sentence and it ordered the trial court to reinstate the original sentence. The Eighth District Court of Appeals recognized, in a later appeal, that the trial court was limited to following its remand instructions, so the trial court could not have held a new sentencing hearing at which the trial court mistakenly referred to a "six-month" sentence rather than a "six-year" sentence. *State v. Johnson*, 8th Dist. Cuyahoga No. 107123, 2019-Ohio-632, ¶ 16 ("[T]he trial court was simply following our limited remand instructions when it reinstated Johnson's original six-year sentence."). Mr. Johnson has appealed that sentence to the Eighth District Court of Appeals and the sentence has been affirmed on appeal. *Id.* at ¶ 14

(stating that, in the prior appeal, the court concluded that the trial court did not have the authority to vacate Johnson's original six-year sentence).

{¶10} Considering Mr. Johnson's allegations as true, they are insufficient to warrant habeas corpus relief. The trial court did not impose a valid six-month sentence that Mr. Johnson has completed, requiring his immediate release from prison. The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Johnson. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

<br>

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

MARVIN F. JOHNSON, SR., Pro Se, Petitioner.

DAVE YOST, Attorney General, and MAURA O'NEILL JAITE, Senior Assistant Attorney General, for Respondent.