[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Foley*, Slip Opinion No. 2022-Ohio-3634.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3634

THE STATE EX REL. JOHNSON, APPELLANT, *v.* FOLEY, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnson v. Foley*, Slip Opinion No. 2022-Ohio-3634.]

*Habeas Corpus—Appellant's habeas claim became moot when he was released from prison—Court of appeals' dismissal of petition affirmed.*

(No. 2022-0196—Submitted August 2, 2022—Decided October 18, 2022.)

APPEAL from the Court of Appeals for Lorain County, No. 21CA011789, 2022-Ohio-36.

_____

**Per Curiam.**

{¶ 1} We affirm the Ninth District Court of Appeals' dismissal of appellant Marvin F. Johnson Sr.'s petition for a writ of habeas corpus because he is no longer incarcerated and his habeas claim is thus moot.

{¶ 2} In 2016, Johnson was sentenced to six years in prison for several drug-related offenses to which he had pleaded no contest. His sentence was affirmed on

appeal, *State v. Johnson*, 8th Dist. Cuyahoga No. 105560, 2018-Ohio-169, and has withstood additional legal challenges, *see State v. Johnson*, 8th Dist. Cuyahoga No. 107126, 2019-Ohio-632, *appeal not accepted*, 156 Ohio St.3d 1445, 2019-Ohio-2498, 125 N.E.3d 928; *Johnson v. Eppinger*, N.D.Ohio No. 1:19-cv-984, 2021 WL 861509 (Mar. 8, 2021).

{¶ 3} In 2021, Johnson filed in the Ninth District a petition for a writ of habeas corpus against appellee, Keith Foley, warden of the Lorain Correctional Institution in which Johnson was incarcerated, arguing that sentencing errors entitled him to immediate release. The warden filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a valid claim for relief, and the court of appeals granted the motion.

{¶ 4} Johnson appealed to this court. Two weeks after Johnson filed his appeal, he was released from prison and placed under postrelease-control supervision. *See* Ohio Department of Rehabilitation and Correction, Offender Details, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A694191 (accessed Sept. 9, 2022) [https://perma.cc/2KPX-TNVU]. Johnson's release from incarceration means that his habeas claim is moot. *See State ex rel. Hawkins v. Haas*, 141 Ohio St.3d 98, 2014-Ohio-5196, 21 N.E.3d 1060, ¶ 4 (finding former inmate's habeas claim moot "because he is no longer in custody"); *see also Larsen v. State*, 92 Ohio St.3d 69, 748 N.E.2d 72 (2001) ("If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is normally rendered moot").

{¶ 5} Because Johnson's petition is moot, we affirm its dismissal by the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Marvin F. Johnson Sr., pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____